THE STATE, EX REL. THE HILANE GARAGE & MA-
CHINE CO., *v.* THE UNITED STATES FIDELITY
& GUARANTY CO.

*Surety bonds — Road improvement contractor — Section 1208,
General Code (106 O. L., 634) — Liability of surety — Gasoline
and oil for motor trucks.*

A surety upon the bond of a contractor for road improvement, given
under Section 1208, General Code (106 O. L., 634), is liable for
gasoline and oil furnished the contractor for use in motor trucks
engaged in transporting material for the construction of the
road under the contract.

(Decided December 17, 1918.)

ERROR: Court of Appeals for Franklin county.

*Messrs. Watson, Stouffer, Davis & Gearheart,* for
plaintiff in error.

*Messrs. Atkinson & Smith,* for defendant in
error

ALLREAD, J. This action was brought by re-
lator, The Hilane Garage & Machine Co., to
recover for gasoline and oil supplied to the trucks
of Culbertson & Culbertson, contractors, for cer-
tain road construction work. The trucks were en-
gaged in hauling sand and gravel to be used in
the work of constructing the road. The gasoline
and oil were furnished by the plaintiff under a
contract with Culbertson & Culbertson. The de-
fendant, The United States Fidelity & Guaranty
Company, was the surety upon the bond of Culbert-
son & Culbertson for the performance of the con-
tract.

The statute requiring the bond (Section 1208, General Code, 106 O. L., 634) contains the following provision:

"Such bond shall also be conditioned for the payment of all material and labor furnished for or used in the construction of the road for which such contract is made, and which is furnished to the original contractor or sub-contractor, agent or superintendent of either engaged in such work. The bond may be enforced against the person, persons or company executing such bond by any claimant for labor or material."

The bond among other provisions contains the following:

"And shall pay all claims of subcontractors, materialmen and laborers arising from the construction of said improvement."

The contention of counsel for defendant in error is that the furnishing of gasoline and oil to motor trucks engaged in the hauling of material for the construction of the road in controversy is not "material and labor furnished for or used in the construction of the road."

The trial court accepted this view and instructed a verdict for the defendant.

Counsel upon both sides have been industrious in the citation of many cases under similar statutes and contracts. The case at bar involves a construction of the statute and bond above recited. It is argued in behalf of the contention of the defendant in error that the material and labor for which the personal liability is given against the surety upon the bond of the contractor must be

limited to the labor and material going directly into the improvement.

While there are some cases, notably the case of *City of Philadelphia* v. *Malone,* 214 Pa. St., 90, which accept that restricted view, yet we think the weight of authority sustains a more liberal construction of the statute and bond under consideration. See *Title Guaranty & Trust Co.* v. *Crane Co.,* 219 U. S., 24; *City Trust, etc., Co.* v. *United States,* 147 Fed. Rep., 155; *Zipp* v. *Fidelity & Deposit Co.,* 76 N. Y. Supp., 386; *Am. Surety Co.* v. *Lawrenceville Cement Co.,* 110 Fed. Rep., 717, and *National Surety Co.* v. *United States,* 228 Fed. Rep., 577.

It will be observed that the statute includes not only material and labor used in the construction of the road, but material and labor furnished "for" the construction of the road. We think that to confine this construction to labor and material which goes directly into the road improvement would be too narrow. Motor trucks are very commonly used in modern road construction. The language employed in the statute would include any labor or material furnished the contractor or subcontractor which goes into and forms a part of the work or road construction. Gasoline and oil in motor car service are essentials and without it trucks could not be operated. The case is identical in principle to the coal and oil cases, where coal and oil are furnished to operate the engine and the engine takes the place of labor in the construction.

In the coal and oil cases the claims were allowed because the coal and oil furnished the motive power

and operated as a substitute for labor. The same argument may be made in favor of gasoline and oil as applied to motor truck transportation.

If the material were only a few feet from the desired position in the road, it could be shoveled by labor; if it were a few yards away, it would probably be wheeled by labor; but, if miles away, it may be transported by motor trucks with gasoline and oil as the motive power. So that if the argument that the gasoline and oil must be a substitute for labor is necessary to support the plaintiff's claim the argument is not entirely lacking; as the distance required for transportation does not change the principle.

It is true that it has been held that grain and feed for the sustenance of animals employed in transportation and other work is not material within the meaning of statutes and contracts. *United States* v. *Lowrance,* 236 Fed. Rep., 1006; *National Surety Company* v. *United States,* 228 Fed. Rep., 577, and *Pennsylvania Co.* v. *Mehaffey,* 75 Ohio St., 432.

The grain and feed cases do not purport to be inconsistent with the coal cases. In fact in the *National Surety Company case* the court allowed a claim for coal and disallowed a claim for feed. It is apparent that claims for feed for animals or men engaged in labor upon construction work are more remote than claims for coal or gasoline and oil used as the motive power for machinery directly employed in construction work. The feed and grain cases are not, therefore, irreconcilable with a claim for gasoline and oil under the circumstances of the present case.

We are, therefore, of opinion that the plaintiff would be entitled to an allowance of his claim for gasoline and oil furnished to the contractor for use in trucks employed exclusively in conveying material for use in the road improvement contracted for.

*Judgment reversed; cause remanded for new trial.*

KUNKLE and FERNEDING, JJ., concur.