STANDARD OIL CO. v. DETROIT FIDELITY & SURETY CO.

*Suretyship—Bond of contractor on public improvement—Sections 2365-1 and 2365-4, General Code—Statutes construed together, and part of bond—Legislative intent not ascertained from independent or isolated passages, when—Surety not liable for gasoline and oil for trucks—Liability limited to materials used in construction of improvement.*

1. Section 2365-1, General Code, requiring bond by contractors on public work for benefit of laborers and materialmen, becomes by operation of law a part of terms of bond, and form or language of bond cannot change requirements of statute.

2. Section 2365-4, General Code, requiring surety on contractor's bond to pay claims for materials furnished in performing contract, must be construed together with Section 2365-1, requiring payment of materials furnished in construction of improvement, in considering legislative intent.

3. Legislative intent is only gathered from all provisions of law bearing on subject-matter, and not from independent and isolated passages except where such passages reach entire subject-matter of controversy.

4. Gasoline and oil furnished to operate motor trucks carrying material for highway construction purchased by contractor do not enter into construction of improvement and are not covered by Section 2365-1, General Code, requiring surety on contractor's bond to pay for materials furnished in construction.

5. Sections 2365-1 and 2365-4, General Code, requiring surety on contractor's bond to pay for materials furnished in construction of improvement, and in performing contract, include only "material" used in construction in physical sense and do not include material intended for construction.

(Decided February 7, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. A. A. Stambaugh,* for plaintiff in error.
*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for defendant in error.

SULLIVAN, J. This cause comes into this court on proceedings in error to the municipal court of the city of Cleveland, wherein that court sustained a demurrer to the petition, whereupon, the plaintiff not desiring to plead further, judgment was rendered in favor of the defendant, Detroit Fidelity & Surety Company. The parties stood in the same relationship below as they do here, and they will be referred to herein as plaintiff and defendant.

It appears that on February 24, 1923, the state of Ohio and the Ohio Contracting Company executed a contract for the construction of a certain public highway in Cuyahoga county, and in pursuance to the provisions of Section 2365-1, General Code of Ohio, the defendant executed and delivered a surety bond in behalf of the Ohio Contracting Company, in favor of the state of Ohio, among the conditions of which bond, in conformity to the provisions of above section, was the following:

"This undertaking shall be for the benefit of any materialmen or laborers having a just claim, as well as for the obligee herein."

The Ohio Contracting Company executed a contract with one Colter, the essential provision of which was the hauling of materials to be used in the construction of the public highway, and with this object in view, between July 30 and September 6, 1924, Colter purchased oil and gasoline on an open account of the plaintiff, and the same was used to operate the automobile trucks in the trans-

portation of such materials to the locality where the construction was in progress.

This action was instituted for the purpose of recovering from the defendant the sum of $706.34, and the basis of the claim is that the gasoline and oil consumed by the operation of the motor trucks, while engaged in hauling the materials for the improvement, were under the intendment of the statute "materials furnished in the construction" of the improvement.

Section 2365-1, General Code, provides that, when a public improvement is to be constructed at public expense, it shall be the duty of the public body to require the usual bond provided in the statute, with good and sufficient sureties, and with the additional obligation for the payment by the contractor for materials furnished in the construction, erection, alteration, or repair of such building, works, or improvements.

Section 2365-4 of the General Code substantially provides that the surety shall pay all lawful claims of subcontractors, materialmen, and laborers for labor performed and material furnished "in the carrying forward, performing or completing of said contract."

It will be observed from an examination of these sections that the language of the one differs from the language of the other in that Section 2365-1 uses the language "materials furnished in the construction," while Section 2365-4, which provides for the form of the bond, uses the language "materials furnished in the carrying forward, performing, or completing of said contract."

It is conceded by able counsel for plaintiff that the controlling language is contained in Section

2365-1, and that the change in the wording of Section 2365-4 does not materially effect any change in the construction to be given to the intent and purpose of the Legislature.

The form of the bond and its language cannot change the requirements of the obligation to the materialmen, as designated by Section 2365-1, for the reason that the section itself, under all the authorities, becomes by operation of law, if not by stipulation, a component part of the terms of the bond itself.

That the latter section and the former section with respect to this material stipulation must be taken together in considering the intent is unquestionable, but it is only in the light that it sheds upon the question as a whole that it can be considered. It is well settled that the legislative intent is only gathered from all the provisions of the law bearing upon the subject-matter, and it is against reason to construe the language in question by selecting independent and isolated passages. Inasmuch, however, as the passages in question reach the entire subject-matter of the controversy, the rule of isolated passages does not apply to the case at bar.

Proceeding to construe the language in question, and giving the assured the benefit of a liberal construction thereof, we are first met with the proposition whether the gasoline and oil actually and physically enter into the composition of what is known as the construction of the highway improvement. Is the gasoline or oil an element or ingredient of the improvement? Are they elements of material, physically connected with the formation of the structure constituting the public im-

provement? The answer necessarily is in the negative. A disintegration of the elements composing the improvement would not reveal the presence of gasoline or oil, and consequently the gasoline and oil do not enter into the construction of the improvement, because they form no part thereof.

Now let us consider whether there is any relationship between the elements forming the composition of the improvement and the oil and gasoline deposited and used in the automobile truck itself. Clearly, the purpose of the oil is to lubricate the mechanism of the truck so that it will preserve the parts and render locomotion possible. The gasoline is used because it is the power which operates the truck and makes it possible to transport the material to be incorporated in the public improvement. When the parts are lubricated and the gasoline tank filled, the purposes of both are achieved, and then and there end. Thus there is no direct relationship between the component parts of the improvement and the oil and gasoline in the truck. There is no nexus between these elements contained in the truck and the ingredients composing the improvement. Hence they do not enter into the construction thereof, and it cannot be said that the Legislature in the language used in the statute ever intended that the power necessary to move the truck and transport the materials was material that entered into the construction of the improvement. Had it so intended it is reasonable to conclude that it would have used language specifically conveying such an import, for, it being obvious that there is no physical connection between the two, it would require specific language in the act itself to warrant an interpretation that

could be reached only by doing violence to the natural and orderly course of common sense and logic. Using the rules which reasonable persons apply to the ordinary affairs of life, no conclusion could be reached that would establish the oil and gasoline as material entering into the construction of the improvement.

In an able and exhaustive brief, counsel for the Standard Oil Company cites the case of *State ex rel. Hilane Garage & Machine Co.* v. *U. S. Fidelity & Guaranty Co.,* 10 Ohio App., 141, from which we quote:

"A surety upon the bond of a contractor for road improvement, given under Section 1208, General Code (106 O. L., 634) is liable for gasoline and oil furnished the contractor for use in motor trucks engaged in transporting material for the construction of the road under the contract."

It will be noted that the language above quoted differs materially from the language in the case at bar. The words "for the construction of the road" are entirely different in meaning, significance, and conception from the language in the case at bar, to wit, "in the construction of the road."

Again when the *Hilane case, supra,* was decided, Section 1208 of the General Code of Ohio, instead of Sections 2365-1 and 2365-4, was before the court, and it read as follows:

"Such bond shall also be conditioned for the payment of all material and labor furnished for or used in the construction of the road for which such contract is made, and which is furnished to the original contractor or subcontractor, agent, or superintendent of either engaged in such work.

The bond may be enforced against the person, persons or company executing such bond by any claimant for labor or material.''

We are of the opinion that inasmuch as Section 1208 of the General Code was amended in 1921, the citation of the *Hilane case, supra,* is not applicable in the instant case, for it is well said by counsel for plaintiff in error in his brief that the construction must depend upon the law and the facts as they are applicable to each particular case.

We are well aware that there are federal decisions which do not seem to support the view which we take herein, and hold with respect to materials that if they are in any manner connected with the public work, irrespective of remoteness, they are valid claims against the bond executed by reason of the contracts.

In the *Hilane case, supra,* the doctrine thereof was based upon the language of the statute, which by the very language itself was susceptible of the conclusion that the Legislature intended to include material that was intended *for* the construction of the work as well as *in* the construction of the work. Such a clause could take in material that did not enter into the construction of the improvement, for the reason that the Legislature included material that was intended for the improvement as well as material that entered into the improvement, but such an intent of the Legislature with reference to Sections 2365-1 and 2365-4 is not susceptible from the language of those sections, and it would be dangerous, indeed, without clear legislative authority, to establish the doctrine that material not used in a construction in a physical sense is nevertheless part of the construction, not-

withstanding that as a matter of actual fact the contrary is true; and, inasmuch as there is no poverty of language which would limit the full expression of the legislative intent, there is no necessity for the court to substitute the judicial tribunal for legislative enactment.

Again recurring to the *Hilane case, supra,* we cite *Royal Indemnity Co.* v. *Day & Maddock Co.,* 114 Ohio St., 58, 150 N. E., 426, 44 A. L. R., 374, decided by our Supreme Court in February, 1926, the pronouncement of which, in any event, renders inapplicable the doctrine laid down in the *Hilane case, supra.* We quote the syllabus as follows:

"The surety on a bond executed by a contractor for the construction of a public building, in conformity to the requirements of Sections 2365-1, 2365-2 and 2365-4, General Code, does not thereby obligate himself to pay the rental, contracted to be paid by the principal in the bond for the use of a concrete mixer, hoisting engine, or other machinery used as appliances, or part of the equipment to facilitate the performance by the contractor of his contract, nor does he obligate himself for any other expense incident to such rental use.

"Where a statute requires the execution of a bond, and defines the terms and conditions thereof, and prescribes a form which shall be substantially complied with, a variation by the Legislature in the form prescribed from the terms and conditions required in the statute providing for the bond may be considered by the court in determining the intention of the Legislature and the meaning of the statute providing for the bond, but may not operate to extend the scope of such statute.

"A bond, executed substantially in the form provided by the Legislature, will be construed to comprehend as its beneficial obligees those designated in the statute requiring and defining the terms and conditions of the bond, and, in interpreting such bond and determining who the beneficial obligees thereof are, reference will be had to such statute.

"There is such an analogy between Sections 2365-1, 2365-2 and 2365-4, General Code, and Sections 8310 and 8311, General Code, that it is apparent that, in the enactment of Sections 2365-1, 2365-2 and 2365-4, the Legislature intended to require the surety upon the bond required to be furnished by the contractor for the construction of a public building to be liable for such labor and material furnished for the construction of a public building as would be the subject of a lien under the Mechanic's Lien Law were the building privately owned."

Supporting our views herein are the definitions of the words "material" and "construction," for we find that in all the authorities reference is had to materials which actually and physically become a composite part of the improvement itself.

Holding these views, the judgment of the lower court in sustaining the demurrer is affirmed.

*Judgment affirmed.*

LEVINE, P. J., concurs.
VICKERY, J., not participating.