### POLICE JURY vs. BULLIT & AL.

APPEAL from the court of the sixth district, the judge of the district presiding.

PORTER, J. delivered the opinion of the court. The police jury of Natchitoches sue the sheriff and his sureties on the bond, given by him for the faithful performance of his duties, for the amount of the tax, imposed on all suits commenced in the district and parish courts.

The sheriff answers, by denying the allegation in the petition, and averring, that he has paid over all the moneys collected, to the treasurer of the parish. That not being by law authorised to enforce the payment, either against the property or person of delinquents, he could only collect as agent for the jury. That he has frequently tendered a list of the delinquents to the treasurer, to enable him to institute actions against them, which he has refused to receive. That he has paid the treasurer more than he collected, for which he prays judgment in reconvention.

The sureties on a sheriff's bond, are liable for the taxes on suits.

The power of summarily enforcing payment of a tax, cannot be exercised in regard to other taxes.

A sheriff, sued for the taxes he was bound to collect, must show he failed in doing so, after having used proper diligence.

The state is not bound to show the amount of taxes actually collected.

The sureties deny, that they are responsible for the collection of state or parish taxes; that they are only accountable for the malfeasance of the sheriff, in the discharge of his other duties.

The court of the first instance gave final judgment in favor of the sureties, and as of non-suit for the sheriff. The police jury appealed.

We shall first dispose of the question, as to the liability of the sureties.

*The act of* 1823, *page* 60, *sect. 3d,* provides, "that all persons, who shall institute a suit or suits in the said district courts, shall pay a tax of ten dollars on each and every suit; and all persons, who shall institute a suit or suits in the parish courts, above the sum of one hundred dollars, shall pay on each and every suit the sum of five dollars, to be collected by the sheriff or collector of taxes, in the same manner as is provided by law for the collection of the state and parish tax, and shall pay the same into the parish treasury, at the same time and under the same provisions as directed for the payment of the parish tax."

West'n. District.
October, 1829.

POLICE JURY
*vs.*
BULLIT & AL.

It has been said, that the duty, here imposed on the sheriff, cannot be considered the collection of either the state or parish tax, for which that officer gives an annual bond, with sureties; and that for all duties, other than the collection of the taxes of the parish and state, the sureties, on the bond which the sheriff gives, on being inducted into office, are responsible.

We have given to this argument an attentive consideration, and are unable to concur with it. The law *lays a tax, to be collected as other taxes.* This tax is, it is true, for the benefit of the parish, but the destination of funds, to be raised by a tax, levied by state authority, does not take from the enactment its distinctive and appropriate character. Whether the money, produced, be applied to a general or special purpose, it is not less a tax: more especially, when the legislature have considered it such, so called it, and directed it to be collected as other taxes.

The defendant, Bullit, contends that, by law, no power was conferred on him to enforce the payment of this tax, and that he is not responsible, except for the amount which the persons, subject to it, voluntarily paid to him.

POLICE JURY
*vs.*
BULLIT & AL.

The act of the 20th March, 1816, entitled "an act supplementary to the several acts relative to the revenue," by its first section conferred, on the sheriff and other collectors of the state and parish taxes, the authority to seize and sell the property of delinquents. But this section is repealed, by the 4th section of "an act to amend the several acts relative lo the revenue of this state," approved the 8th March, 1819.

The power, therefore, to seize and sell, without due process of law, for non-payment of taxes, must be sought in some other legislative provision.

We have been unable to find any conferring it, except that of the 12th section of the act of the 27th March, 1813, entitled "an act to lay a tax within the state of Louisiana, to determine the mode of assessing and collecting said tax, and for other purposes." By the terms of this statute, the power is limited, *to the tax imposed by virtue of that act.*

The 1st section of the act, entitled "an act supplementary to the several acts relative to the revenue of this state," passed 11th December, 1820, recognizes the power in collectors to execute for taxes; for, it declares

they shall not do so before the first of April of that year.

The question then is, whether a power, conferred by the state on its officers, to enforce the payment of a tax, imposed by one act, extends to subsequent laws laying new taxes on other objects, and we are of opinion it does not. The right of the citizen to be heard in due course of law, before he is deprived of his property, cannot be taken away, even in favour of the state, for fiscal purposes, by implication. It must be expressly given.

We see nothing to countenance the idea, thrown out in argument, that sheriffs and collectors may not still enforce payment, in a summary manner, from delinquents of taxes on land and slaves, and the other objects made liable to taxation by the act of 1813; but no power being conferred by the act of 1823, on the sheriff, to seize and sell the property of those who do not pay the tax, imposed on suits in court, we think such power does not exist, by virtue of previous provisions, relative to taxes imposed for different purposes, and on other objects.

The court below decided, that as the plaintiffs introduced no evidence to shew that Bullit, the sheriff, had collected the taxes, judgment of non-suit should be given against them. The court erred, in considering it the duty of the plaintiffs to shew, the defendant had collected the money. It was the duty of the latter to establish, that he had used due diligence to perform the trust he undertook. When accounts or obligations are placed in the hands of an agent for collection, it is not merely sufficient for him, after a lapse of time, to offer to return them, without shewing, that he exercised ordinary care and industry to get the money. This point was expressly decided, in the case of *Collins &* *al. vs. Andrews, Vol.* 6. 195. But in that case, as the defendant might have been led into error by the opinion of the court, we remanded the cause, to enable him to prove his diligence. We think justice requires, the same course should be pursued with this.

It is therefore ordered, adjudged and decreed, that the judgment of the district court, so far as it relates to the defendants, Burgler and Clanten, be affirmed with costs; and, so

far as it relates to the defendant, Bullit, that it be reversed, and remanded to the district court for a new trial, the appellee, Bullit, paying the costs of this appeal.

*Flint* for the plaintiffs, *Rost* for the defendants.