BAKER *vs.* TOWLES's ADMINISTRATRIX ET AL.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, FOR THE
PARISH OF ST. MARY, THE JUDGE OF THE SEVENTH PRESIDING.

The sheriff's deed as collector of taxes, without evidence of any assessment
of the taxes, is defective in form, as it does not show the warrant of the
collector to sell, and is not translative of property, which will form the
basis of the ten years' prescription.

But where the sheriff's deed is supported by the assessment roll, showing
the taxes were duly assessed for the year the sale was made, and proper
notices given of the sale, the purchaser will acquire a good title, which
will support the prescription of ten years.

WESTERN DIST.
*Sept.* 1837.

BAKER
*vs.*
TOWLES'S
ADMX. ET AL.

Testimonial proof is admissible to show that advertisements of sales were inserted in newspapers; and also that they were posted up at the usual public places required by law.

Sheriff's deeds of sales of property for taxes, are not required to be recorded, to have effect against third persons, by the provisions of the registry acts of 1810 and 1813, or by the Civil Code of 1808.

Having a title, the cutting of wood, which without one would amount to a trespass, must be regarded as an act of ownership and possession.

This is an action of partition, in which the plaintiff sets up title to the greater part of a tract of land, in the possession, and claimed by the defendant, as administratrix of the estate of her deceased husband, Dr. John Towles.

The plaintiff alleges that he is the owner of thirty-three and three-fourth arpents of land, being part of a tract of sixty arpents front by forty in depth, on the east side of the bayou Têche, below the town of Franklin, in the parish of St. Mary, which was originally conceded to the widow D'Arby, and confirmed to her heirs and grantees.

He further shows, that he purchased at different times from the heirs and grantees of the widow D'Arby, the quantity of this land which he now claims, and states that the late Dr. John Towles purchased fifteen arpents of the remainder of this tract from B. C. Crow, whose vendor bought from Ursin D'Arby, a son and heir of the original grantee, and the balance from others, so that Towles's estate is now the owner of the remaining twenty-six and one-fourth arpents, in common with him.   He prays that a partition be made between them.

The administratrix of Dr. Towles's estate denied that the plaintiff had any right or title whatever to any part of the tract of land sought to be partitioned; that the entire tract belonged to the succession of Dr. Towles, who in his life time purchased fifty arpents of the same, at a sale made by the sheriff of St. Mary, for the taxes assessed in 1816, in the name of the heirs of widow D'Arby, and that he acquired the remainder by other good and sufficient titles.

Western Dist.
*Sept.* 1837.

BAKER
*vs.*
TOWLES'S
ADMX. ET AL.

The defendant further avers, that Dr. Towles, in his life time, and his heirs and legal representatives since his death, have possessed the said tract of sixty arpents, under good and valid titles, for more than ten years previous to the institution of this suit. She pleads the prescription of ten years, and prays that the plaintiff's demand be rejected, and his suit dismissed.

Upon these pleadings and issues, with the particular titles set up by the plaintiff, the cause proceeded to trial.

The principal contest arose on the validity of the sale of fifty arpents of the land in question, for the taxes of 1816, and the defendant's title under it. This sale was made by the sheriff of the parish of St. Mary, after giving notice in the usual form, by posting up written notices of the sale at the court house. The sheriff was still living, and his testimony taken as to the manner of making the sale. The assessment roll was also produced in evidence, showing the assessment of this land for the taxes of 1816, in the name of the heirs of widow D'Arby, the original grantee. The sheriff's deed recited the objects of the sale, and that the formalities of the law were complied with. It is dated the 10th July, 1817, but was never recorded. Dr. Towles, the purchaser, had taken possession, and continued to exercise acts of ownership on this land, by cutting timber and making a small improvement, from the time of his purchase in 1817.

The district judge was of opinion, that the plaintiff made out a good and complete title to thirty-three and three-fourth arpents, and that the defendant's late husband derived no valid title under the sale for taxes, but that his estate has shown title to twenty-six and one-fourth arpents, derived from Ursin D'Arby, and another of the heirs of widow D'Arby, the original grantee. Judgment was rendered accordingly, from which the defendant appealed.

*Simon*, for the plaintiff.

*Conrad*, for the defendant, contended, that Towles's estate showed a complete legal title to the whole of the land in controversy: to the first fifty arpents, under the sale for the

taxes, made in 1817, and to the remainder by the purchase from Crow in 1819, of fifteen arpents. The sale for taxes conveyed a perfect title, because the assessment roll, and every thing necessary to constitute a perfect title, has been shown. 6 *Martin, N. S.*, 347. 7 *Louisiana Reports*, 49. 8 *Ibid.*, 198. 10 *Ibid.*, 276.

2. Even if the notices of sale had not been proven, the sheriff's return shows that the sale was made according to law, and the court will presume that he done his duty. 3 *Louisiana Reports*, 476. 6 *Ibid.*, 628. 8 *Ibid*, 422.

3. The *maxim omnia recta acta* applies with greater force and equity to the acts of sheriffs and other public officers, after the great lapse of time which has occurred in this case, than to any others. 3 *Starkie on Evidence*, 1223-4-5-6-8. *Phillips*, 119 *to* 124. *See note to page* 124, *on Decision in relation to Sales for Taxes in Massachusetts.*

4. But the defendant in this case has no need to invoke the aid of this maxim. The evidence of the sheriff who made the sale is taken, and proves conclusively that the legal notices of sale were given. His evidence is admissible, and establishes the legality of the sale. The purchaser is not responsible for any subsequent informalities. 5 *Louisiana Reports*, 516. 5 *Martin*, 698. 4 *Martin, N. S.*, 460.

5. It was not necessary to record this sale, to have effect against third persons. By the act of 1813, which is the only law on the subject, sales made by the sheriff under execution only, are to be recorded; it is silent as to collector's sales. Under the laws of 1813-14, a sale for taxes by a collector, was neither a sale by the *sheriff*, nor a sale *under execution*, but a sale for taxes by a collector, *under an assessment roll.* *Livingston* vs. *Walden*, 4 *Martin, N. S.*, 458.

6. But even supposing it was necessary this sale should be recorded to be binding on third persons, it being perfect in point of form, is sufficient to form the basis of the ten years' prescription, which completed before suit, will confer a title in the purchaser against all the world.

7. The defendant's husband acquired title to the remaining fifteen arpents of land, from one of the heirs of the widow

WESTERN DIST.
*Sept.* 1837.

BAKER
*vs.*
TOWLES'S
ADMX. ET AL.

D'Arby, in 1817, which is admitted by the plaintiff. Thus the title of Towles's estate to sixty-five arpents front, is shown to be complete, *first,* by the sale of fifty arpents for the taxes; *second,* by prescription under this sale; and *third,* by purchase of fifteen arpents from D'Arby's heirs.

*Lewis,* on the same side, insisted, that the sheriff's sale for taxes was made in due form of law, and conferred a good and valid title on the purchaser, without even recording it. The production of the assessment roll showed the authority of the sheriff to sell, as the collector of the taxes assessed on this land, in 1816. The testimony of the sheriff, after the lapse of near twenty years, proves that proper and legal notices were given of the sale, and that the formalities of law were complied with. Parole testimony is admissible to prove the notices were given according to law. 6 *Martin, N. S.,* 365, *et seq.* 7 *Ibid.,* 185. 7 *La. Reports,* 49. 10 *Ibid.,* 282.

2. This sale is sufficient, as the basis of the prescription of ten years. The defendant's husband was in possession from the time of the purchase, and for more than ten years before this suit.

3. Even if the sheriff's deed is to be considered as a private act, being accompanied by possession, it need not be recorded, to have effect against third persons.

4. If the defendant's title prevails, as it ought to do, both on its merits and by prescription, it is unnecessary to inquire into the validity of the plaintiff's titles. It cuts off the whole of them.

*Bullard, J.,* delivered the opinion of the court.

This is an action of partition. The object to be partaken is a tract of land, of sixty arpents front, originally granted to the widow D'Arby.

The defendant contests the title of the plaintiff to any part of the tract under his conveyances from some of the heirs of the grantee, and from the heirs of Delahoussaye, who pretend to have acquired a right to one-fourth, under the confirmation of one half the tract, by act of congress. She asserts title

in the estate of Towles to the whole tract, partly by a sale from one of the heirs to Brashear, from the latter to Crow, and from Crow to John Towles, whose estate she administers, which is not contested ; but principally in virtue of a sale for taxes, in 1817, of fifty arpents front, by the sheriff of the parish of St. Mary, at which Towles became the purchaser. She further pleads the prescription of ten years.

The defendant gave, in evidence, a deed signed by the sheriff of the parish of St. Mary, and *ex-officio* collector of the state taxes, from which it appears, that the fifty arpents of land in controversy, were seized for the tax of 1816, due by the heirs of D'Arby, who were non-residents, and sold according to law, and that John Towles became the purchaser.

In support of this deed the tax rolls for the year 1816, are produced, from which it appears, that the tax for which the land was sold, had been assessed, and was due by the heirs of D'Arby.

The former sheriff of St. Mary, by whom the sale was made, was examined as a witness. He states in general terms, that he is certain this sale was made after the advertisements and notices required by law, at that time. On his cross examination, he says, it is hard to recollect now the particular mode, but is persuaded that he advertised according to law. There was no newspaper printed in the parish that year. Manuscript notices were posted up in both languages at the customary places ; he recollects perfectly to have done it.

It is shown that the heirs of D'Arby resided in the adjoining parish, and this suit was instituted in 1835. During all that time, except one year, the land was assessed as the property of Towles, and he paid the taxes, and that he exercised different acts of ownership.

In the case of Reeves *vs.* Towles, decided last September, 10 Louisiana Reports, 276, we held that a collector's deed, without evidence of any assessment of the tax, was defective in form, as it did not show the warrant of the collectors to sell, and consequently not translative of property, and could not form the basis of the ten years' prescription. If the con-

WESTERN DIST.
*Sept.* 1837.

BAKER
*vs.*
TOWLES'S
ADMX. ET AL.

The sheriff's deed as collector of taxes, without evidence of any assessment of the taxes, is defective in form, as it does not show the warrant of the collector to sell, and is not translative of property, which will form the basis of the ten years' prescription.

WESTERN DIST.
Sept. 1837.

BAKER
vs.
TOWLES'S
ADMX. ET AL.

verse of that proposition be true, little more would remain but to inquire into the character of the defendant's possession under the deed for nearly twenty years.

But, it is contended, that the evidence is insufficient to show, that strict compliance with the law in relation to notices and advertisements, which this court has held to be essential to make out a valid title, under a sale for taxes in the cases reported in 4 *Louisiana Reports*, 150, 207.

But where the sheriff's deed is supported by the assessment roll, showing the taxes were duly assessed for the year the sale was made, and proper notices given of the sale, the purchaser will acquire a good title, which will support the prescription of ten years.

Parties who lay by for so long a period of time, without asserting their claim ; who suffer the circumstances which accompanied a transaction to fade from the memory of the vicinage, and even of those officially concerned in it, ought not to complain that less rigid evidence is admitted, nor ought they to gain by their own acquiescence while the transaction was yet recent, and when perhaps more complete evidence might have been obtained. In the present case it is not a little remarkable, that the collector was still alive at the trial of this case, and that from an original entry made at the time, he should remember enough of the matter to assert positively, that written advertisements were posted up in both languages, at the customary places, without being so minute as to render his testimony suspicious. We have recently held, that testimonial proof is inadmissible to show advertisements in newspapers. These advertisements posted up in public places, are seldom, we believe, preserved, and if they were they would not prove *per se*, that they had been posted up in the usual places, and for any particular length of time.

Testimonial proof is admissible to show that advertisements of sales were inserted in newspapers, and also that they were posted up at the usual public places required by law.

But the plaintiff contends, that the sheriff's deed can have no effect against him, because it was not recorded until after the institution of this suit, and that the act of 1813, as well as that of 1810, and the Civil Code of 1808, required, that such deeds should be recorded, in order to give them effect against third persons.

Sheriffs' deeds of sales of property for taxes, are not required to be recorded, to have effect against third persons, by the provisions of the registry acts of 1810 and 1813, or by the *Civil Code* of 1808.

It does not appear to us that either of the provisions relied on, embraces deeds of this kind. The act of 1813, speaks of sheriff's sales made under execution, and although in some respects there is some analogy between the two

cases, yet the tax roll which is the warrant of the collectors to coerce the collection of taxes, is certainly not an execution, nor can the sale be said to be by the sheriff in that capacity. His sureties as sheriff are not responsible for his acts as collector. He gives a distinct bond.

The evidence clearly shows, that possession followed the deed, and that Dr. Towles continued to possess up to the time of his death. He cut wood and timber on the place habitually, and at one time had a small enclosure which was used as a garden. Having a title, the cutting of wood, which, without one, would amount only to a trespass, must be regarded as an act of ownership and possession.

Being of opinion that the defendant has established a title in the estate to the whole tract, it is unnecessary to examine several other questions raised in the argument.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and that ours be for the defendant, with costs, in both courts.

<div style="text-align: right;">

WESTERN DIST.
*Sept.* 1837.

