OVERTON, J.
 

 Plaintiff, on February 23, 1925, entered into a contract with J. M. Sutton for the erection of a residence on a lot belonging to the former in the city of Shreveport for the sum of $7,590. The contractor executed in favor of plaintiff a bond for the full amount of the contract with solvent surety. The bond furnished was a mere indemnity bond,’ in favor of plaintiff, and did not comply with Act 139 of 1922, under which the building was constructed, nor were the contract and bond recorded until after the building had been constructed and accepted, which was not within the time required by law, the law requiring that this be done either before the commencement of the work or not later than 30 days thereafter. Section 1 of Act 139 of 1922.
 

 ■ A number of persons and firms furnished material to the contractor to construct the building. Those who were not paid duly recorded their claims, with the proof thereof, and served attested accounts on the owner. Many, if not all of these, instituted suit against the owner and the contractor to recover judgment on their claims.
 

 After the filing of the foregoing suits, plaintiff instituted the present proceeding, provoking a coneursus. He admits therein that, due to his failure to require the proper bond and to record the contract and bond within the time required by law,’ he is liable to those having claims against the building, but alleges that this liability does not exceed 50 per cent, of the amount of thé contract, or $3,795. He deposited this amount in court for the benefit of those enjoying privileges against the property, and prayed that those who had recorded their claims against it be cited to assert them, and that he have and recover judgment canceling all of the liens recorded against the building constructed and the lot upon which it is situated, and that those to whom said claims are due, so far as relates to him, be required to accept said fund, in proportion to their respective rights therein, in full settlement thereof. <
 

 The claims recorded against the building and lot amount to $4,637.34, which is more than the amount deposited in court by plaintiff, that amount being, as stated, $3,795. The amount deposited is less than the various claimants contend plaintiff is required, under the law, to deposit. They have therefore refused to accept said deposit, as tendered, and contend that they are entitled, by reason of the failure of plaintiff to accept a proper bond and to record the bond and contract timely, to judgment against him for the full amount of their claims, with recognition of their liens on the building constructed and on the lot upon which it is located.
 

 It is not disputed that the contractor owes the various claimants the amounts claimed by them. It is not disputed that the various claimants duly and timely recorded their claims and served sworn statements of them on plaintiff. It is not questioned that plaintiff paid the contractor the amount of the contract. The only dispute to be decided, as conceded by both sides and incorporated in the agreed statement of facts, is whether the various claimants are entitled, under the law, on the foregoing facts, to judgment against
 
 *135
 
 plaintiff for their claims against the contractor, in full, with recognition of their liens, as furnishers of material on the building constructed and the lot on which it is located, or is plaintiff and his property liable to these claimants for only 50 per cent, of the amount of the contract.
 

 The contract for the construction of the building was signed in 1925, and the building was constructed in that year-. The rights of the parties are therefore controlled by Act 139 of 1922. Section 1 of that act, inter alia, creates liens and privileges in favor, among others, of furnishers of material, on the building or other structure erected or repaired and on the lot on which it is situated. The same section provides that:
 

 “The owners of such work shall require' of said undertaker, contractor, master mechanic, or engineer, a bond with good and solvent surety as follows: For all contracts not exceeding five thousand dollars the amount of the bond shall be the amount of the contract; for contracts over five thousand .dollars, and not exceeding one hundred thousand dollars the bond shall not be less than 50 per cent, of the contract. * * * ”
 

 Section 2 of the act provides, among other things, for the recordation of the contract and bond, for the preservation of the privileges granted by the act, and for the convoking of a concursus.
 

 Section 4 of the act provides that:
 

 “If no objections are made by any of the recorded claimants to the sufficiency or solvency of the surety on the bond within ten days after the filing of said concursus, the court shall order its clerk to give to any party interested a certificate to that effect and on presentation of said certificate to the recorder of mortgages he shall cancel and erase all inscriptions created by the recordation of said contract, bond and claims.”
 

 Section 5 of the act relates to the liability of the owner for accepting insufficient bond, or for failing to require a bond, or to duly and timely record the contract and bond, and reads as follows:
 

 “If the bond is found to be insufficient in amount or not to have a proper and solvent surety, or if the owner fails to require a bond, or if he fails to record the contract and bond during the time herein provided, he shall be liable to subcontractors, journeymen, cartmen, truck-men, workmen, laborers, and mechanics and furnishers of material to the same extent as the surety would have been. And the privilege hereinbefore provided for if recorded as provided in section 2 hereof, shall remain in full force and effect until all claims against the building or other work erected on the land on which
 
 it is
 
 situated shall have been paid, unless otherwise ordered by the court. In all cases where surety has been furnished, the surety shall be entitled to make only the same defenses that the contractor for whom he signed the bond is authorized to make except as to the owner who has made payments in anticipation.”
 

 From the foregoing, or, to be more specific, from section 1 of the act, it appears that where the contract is for $7,590, the amount of the contract in this case, then the owner must give bond with good and solvent surety for not less than 50 per cent, of the contract, or to state the amount in dollars, in this particular instance, for not less than $3,795. From the foregoing, or, more specifically, from section 5 of the act, it also appears that if the owner should fail to require a bond, meaning the bond that the law requires him to exact from the contractor, or if he should require the proper bond, but should fail to record it together with the contract, within the time prescribed by the act, or if the bond accepted by him should be found to be insufficient in amount, or not to have a proper and solvent surety, then the owner is liable to the same extent that the surety would have been, had he (the owner) complied with the requisites of the law.
 

 It is clear that the only bond that the law demands of the owner, as to amount, where the contract is for the amount of the one in this case, is a bond for 50 per cent, of the contract, or, in this instance, for $3,795, for the statute reads, “not less than 50 per cent.” of the amount of the contract, which means that the law will be satisfied with a
 
 *137
 
 bond for 50 per cent, thereof; that is, for 50 per cent, of the amount of the contract. Since the law demands no more, as to amount, under a contract such as the present one, than 50 per cent, of the contract or a bond for $3,-795, that amount would seem to be the extent of the liability of the surety, had the bond, absolutely required by the statute, been exacted. Since, where there is a failure to exact ■ the required bond, the liability of the owner is made the same as the liability of the surety would have been, had the requisite bond been obtained, it- would seem that the liability of the owner, where the requisite bond has not been exacted, would be the same that the liability of the sux*ety would have been, had it been exacted, or, in such a case as the present, 50 per cent, of the amount of the contract or $3,795. The same is true by the same provision of the statute, where the owner fails to record timely the bond obtained by him, together with the contract. In such instance, he fails to avail himself of the bond and of the rights accorded him by the statute, and places himself in the same position as if he had required no bond, and hence becomes liable to the extent he would have been, had he required none.
 

 It may be said, however, that the provision in section 5 of the statute, providing that the privileges created by the act, and recorded as therein provided, shall remain in full fox-ce and effect until all claims against the building or other work and on the land on which it is situated have been paid, unless otherwise ordered by the court, demands that we give the act a different construction from the one we have given it. This provision immediately follows the one, relating to the liability of the owner, for failure to comply with the requisites of the statute, as to bond, and is closely connected with that provision. However*, we ax*e not of the opinion that the provision, referred to, requires us to give the statxxte a construction different from the one we have. The seeming conflict between the two provisions, which comes to light only where, after the payment of the contractor by the owner*, the outstanding indebtedness exceeds 50 per cent, of the contract, must be reconciled by holding that what the Legislatux*e meant by the second px*ovision was that the privileges should remain in full force, unless otherwise ordered by the court, until the owner paid the amount he was required to pay for his failure to comply with the law. To that extent, under these circumstances, the indebtedness secured by these privileges is indebtedness against the owner and his property, but to no greater. Had plaintiff furnished a proper bond in this case for $3,795, one-half of the amount of the contract, and had he duly and timely recorded-the bond and contract, there can be no question that the court, on finding these facts, would have been compelled, under the law, to order the cancellation of these privileges, notwithstanding the amount of the bond would not have been sufficient to pay the claimants in full, for then plaintiff would have complied with the law in every respect. The language of the statute,- as a whole, does not justify us in holding that it was the intention of the Legislature to make the owner and his property liable for a greater amount, because of his failure to comply with the law, than the amount of the bond that the statute requires him to exact.
 

 Such laws as the one now under consideration must be strictly construed. Thus, it was said in Alfred Hiller Co. v. Hotel Grunewald Co., 147 La. 129, 84 So. 520, that:
 

 “Laws of the character now under discussion [referring- to a building statute, Act 180 of 1894] being in derogation .of common right, in that they render a third person and his property liable for obligations which he has not contracted, must be strictly construed in his favor.”
 

 
 *139
 
 Our conclusion is that plaintiff is entitled to the cancellation of said privileges against his property and to be discharged from all further liability to said claimants, he having deposited in the registry of the court in this proceeding the full amount of the bond required of him by law, which is the measure of his liability to them. The trial court thought otherwise, and rendered judgment rejecting plaintiff’s demand and in favor of the various claimants, 12 in number, for the respective amounts due them by the contractor and claimed by them to be due them in full by plaintiff, with legal interest thereon from May 27, 1925, for his failure to require the proper bond and to record it with the contract timely, and recognizing and ordering enforced the liens claimed by these claimants against his property. The judgment will have to be amended so as to correspond with the views herein expressed by us.
 

 For the reasons assigned, the judgment appealed from is amended by ordering said fund, deposited in court by plaintiff, distributed among said claimants, in proportion to the amounts of their respective claims, as said claims are fixed by said judgment, the privileges of said claimants, as furnishers of material, being hereby recognized on said fund; by ordering the cancellation of said privileges against plaintiff’s said lot and the buildings thereon; by decreeing plaintiff not to be liable to said claimants beyond their said proportionate shares of said fund, deposited by plaintiff; by allowing plaintiff’s demand to the extent stated; and in all other respects said judgment is affirmed, the costs of the lower court and of this appeal to be paid out of said fund before said' distribution is made.
 

 O’NIELL, O. J., is of the opinion that the judgment should be affirmed.