"Eugene Blasich claim for ninety dollars interest and costs.

"The uncontradicted testimony shows that the material sold by the above person was delivered and used on the job and that the amounts claimed are due and correct."

The trial judge approved the commissioner's finding of fact and rendered judgment accordingly. We do not think it is equitable to penalize the owner of a just and proven claim because the commissioner, or the stenographer under his control, who took down the testimony, inadvertently omitted to file it.

The claims of Borne-Norris Hardware & Supply Company, R. J. Laurent, and J. Watts Kearny & Son are satisfactorily proven and are not referred to in the brief of counsel for appellant. It is contended, however, that when the contractor defaulted there was sufficient material on the ground to complete the building. There is testimony to that effect, but it is shown that the surety was promptly notified of the contractor's default, and when the surety, thereafter, requested the owners to complete the building, it was found that additional material had to be purchased. There is a presumption, but no proof, that depredators removed some of the material from the premises in the interim between the contractor's default and the surety's request that the owners complete the building. Under these circumstances the loss, if any, must fall upon the surety.

For these reasons we think the judgment appealed from is correct, and it is therefore affirmed, at appellant's cost.

ROGERS, J., takes no part.

(122 So. 287)

No. 29184.

## BROOKS et al. v. BYRD & CLOPTON.

April 22, 1929.

R. W. Oglesby, of Winnfield, for appellant Securities Sales Co., of Louisiana, Inc.

E. E. Kidd, of Winnfield, Wm. J. Hammon, of Jonesboro, and L. Austin Fontenot, of Opelousas, for appellee.

OVERTON, J. This is a concursus proceeding. It comes before us by appeal taken by the Securities Sales Company of Louisiana.

The sole question presented for decision is whether, under Act 224 of 1918, relating to contracts for the construction of public works, a contractor for the construction of a public highway is liable personally, or on the bond given by him to the public authorities pursuant to the Act of 1918, or out of the balance due on the contract and deposited in court, for the price of an automobile sold by a third person (the Securities Sales Company of Louisiana) to a subcontractor on the work (W. R. Elkins); the automobile having been used by the subcontractor to convey laborers to and from the work. The theory upon which it is proposed to hold the contractor and his bondsman and the fund deposited in court is that the automobile was purchased and used as stated above.

The answer to the question stated is no. Red River Const. Co. v. Pierce Petroleum Corporation, 165 La. 565, 115 So. 752; State v. Smith, 167 La. 301, 119 So. 56, 63. The case of Miller v. Bonner, 163 La. 332, 346, 111 So. 776, does not sustain the position of the vendor of the automobile to the effect that the contractor, or his bondsman, or the fund deposited in court by the public authorities, is liable for the purchase price of the automobile.

Before closing it may be said that in the present case the subcontractor gave no bond to the contractor for the discharge of the indebtedness contracted by him in performing the work, nor does the Act of 1918 require the latter to exact of the former a bond, and hence the contractor is not liable because of his failure to exact such a bond.

The trial court rejected the demand of the vendor of the automobile. The judgment is correct.

For these reasons, the judgment appealed from is affirmed.