ST. PAUL, Justice.
 

 The relators are nonresidents of this state. They are the owners of a certain oil or gas well, the casing in said well, the storage tanks and other machinery thereto attached for the drilling, equipment, and operation of said well.
 

 The respondents are the owners of a certain drilling rig which they leased to re
 
 *97
 
 lators for the purpose of drilling said oil or gas well.
 

 I.
 

 The rent of said drilling rig not having been paid in full, and the relators having allegedly damaged said drilling rig, respondents brought suit in rem for the amount of the unpaid rent and alleged damages, and provisionally seized the aforesaid property, citing relators through a curator ad hoc.
 

 There was judgment in the court below, rendered contradictorily with the curator ad hoc, recognizing the alleged claim of respondents and their alleged lien and privilege on the property provisionally seized, maintaining said writ, and ordering that the property seized thereunder be sold and respondents’ claims paid out of the proceeds of said sale.
 

 II.
 

 When said judgment was about to be executed, relators applied to the lower court for an injunction restraining said execution and the sale of said property, on the ground that respondents’ alleged claim did not give them a lien and privilege on the property seized, nor the right to provisionally seize the same or proceed against the same in rem; and that all proceedings had were null.
 

 The trial judge refused the injunction; hence this application to have said execution stayed and the judgment complained of annulled and avoided.
 

 III.
 

 We find no law which grants a lien and privilege for the rent of, or damages to, a drilling rig, upon any gas or oil well or the machinery, appurtenances, etc., thereunto belonging. Act No. 161 of 1932, p. 524, does not grant such a lien and privilege for the rent of, or damages to, a drilling rig, but only to such as perform labor or service in the drilling or operation of such wells or furnish material or supplies in connection therewith. Hence respondents were without right to provisionally seize the property involved; for, being without lien or privilege, they were without right to proceed in rem. C. P. arts. 290-295, 285, par. 4.
 

 Decree.
 

 For the reasons assigned, the writs herein issued are now made peremptory, and the judgment in favor of the respondents is annulled and set aside, and the respondents and the trial judge are now prohibited from proceeding further with the execution of said judgment; all costs to be paid by the respondents J. M. Bridges et al.