**DAVIS v. WILHITE et al.**
No. 1719.

Court of Appeal of Louisiana.
First Circuit.

June 9, 1937.

708

Robert R. Stone, of Lake Charles, for appellant.

Joseph E. Bass, of Lake Charles, for appellees.

DORE, Judge.

Plaintiff alleges that she furnished the defendants, L. R. Wilhite and the Trans State Oil Company, both residents of Texas, part of a drilling rig equipment known as Boykin Draw Works, which was to be used by them in drilling an oil well on lands in Calcasieu parish, and which equipment was to be returned to plaintiff when the well then being drilled was either completed or abandoned. As a consideration for the use of the said Boykin Draw Works, defendants verbally agreed to put same in good repair and return it to plaintiff in good order without any expense to her; that defendants abandoned the well in July, 1936, and plaintiff was compelled to go upon the land where the drilling operations had been carried on in order to recover possession of said draw works; that plaintiff then found that defendants had not lived up to their agreement to put said draw works in good repair but had left same in a condition unfit for use; that, if defendants had repaired said draw works as agreed, they had broken and damaged the same to such an extent as to render it unfit for use.

Plaintiff further alleged that she was forced to repair said draw works, at an expense of $464.97, for which amount she claims reimbursement under said agreement with defendants. She alleged that she had a lien and privilege as a furnisher of material and repairing equipment for boring said oil well, under Act No. 145 of 1934, on the mineral lease where said well was bored, and on the derrick, tank, drilling rig, machinery and equipment, for the payment of the amount due her.

She asked for the appointment of a curator ad hoc to represent the absent defendant, Wilhite, and asked for service on the Trans State Oil Company, a foreign corporation, through the Secretary of State, and prayed for a writ of provisional seizure of the lease and drilling equipment under the above act and for judgment in rem against said defendants for the amount of the claim with recognition of her lien and privilege as provided by said act. The writ of provisional seizure issued under which the sheriff seized the derrick, drilling rig, and all other equipment on the lease where the well was bored. The Trans State Oil Company appeared and showed that it was in bankruptcy and asked that all further proceedings against it be stayed, subject to the further orders of the bankruptcy court.

The curator for the absentee, Wilhite, filed an exception to the jurisdiction of the court, ratione personæ. It does not appear from the minutes whether any action was taken on this exception after it was argued and submitted. In any event, the curator filed an exception of no cause or right of action which was sustained and the suit dismissed. It is from this judgment of dismissal that plaintiff has appealed.

The exception of no cause or right of action has as its basis the fact that, according to the allegations of the petition, plaintiff has no lien and privilege on the property provisionally seized which would give the courts of this state the right to render a valid judgment against defendants or against the property seized. The question is therefore raised by the exception whether or not, from the allegations of fact in the petition, plaintiff is shown to have a lien and privilege on the property seized under Act No. 145 of 1934.

In so far as this act is pertinent to the question here presented, it provides that any person, firm, or corporation, who shall do any trucking, by common carrier, vehicle or otherwise, towing, barging, or make any repairs whatsoever, or furnish any fuel, drilling rigs, standard rigs, material or supplies whatsoever, for or in connection with the drilling of any well or wells in search of oil, gas, or water, shall have a lien and privilege on such oil, gas, or water well, and the lease on which the same is located and on all drilling rigs, buildings, and other equipment connected with the lease and well thereon, for the amount due on account of services rendered for the above stated purposes.

Plaintiff claims a lien and privilege under this act as a furnisher of the draw works used by defendants in connection with boring said oil well and because of repairs made on the equipment so furnished by reason of the failure of defendants to make the repairs as they had agreed. It is contended by plaintiff that in furnishing said draw works she in effect loaned defendants for use this equip-

ment the consideration for which was their agreement to repair and put this equipment in good order before its return to her.

Whether the agreement between plaintiff and defendants for the use of this equipment by defendants in their drilling operations amounted to a loan for use, or whether the claim of plaintiff be looked upon as damages or expenses incurred by plaintiff by reason of the failure of defendants to make the repairs as they had agreed to do, in neither event would plaintiff have a lien and privilege under Act No. 145 of 1934, as the act does not give a lien and privilege under a claim based on either grounds.

The case of Landis et al. v. Bridges et al., 178 La. 96, 150 So. 843, presented almost the identical issue as is presented in this case. It is true that the cited case was decided under Act No. 161 of 1932, the act on the subject prior to Act No. 145 of 1934, yet there is no material difference in the two acts in so far as the present claim is concerned. While the later act has somewhat enlarged the scope of services rendered and material furnished which are given a lien and privilege for their payment, we do not see where the later act, under the most favorable construction, gives plaintiff a lien and privilege for the claim which she is here asserting. The act gives no lien and privilege for the loan or rental of the equipment nor for any damages or loss sustained by reason of the misuse of or injury to the equipment. Plaintiff did not make any repairs on the machinery while it was being used in the drilling operations. The case cited infra is decisive of the issue herein presented. The exception of no cause or right of action was therefore properly sustained.

The curator was allowed by a minute entry a fee of $25 to be taxed as costs; he has filed a motion in this court asking that his fee be increased to $100. The fee of the curator is part of the cost in the case. The fixing of the cost is a matter for the trial court to determine before or after the final decision of the case, and the proper method to pursue in having the cost fixed is by rule taken in the trial court.

For these reasons, the judgment appealed from is affirmed.