### SKLAR v. OIL INCOMES, Inc., et al.
### No. 10477.

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1943.

Isaac Abramson, of Shreveport, La., for appellant.

R. Emmett Kerrigan, of New Orleans, La., and Lanham Croley, of Dallas, Tex., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that he was a person who had furnished a drilling rig for the drilling of an oil well on a lease belonging to the defendants, plaintiff sued under Act 1934, No. 145, § 1[1] to establish and foreclose on the well, the lease, and appurtenances, appliances etc. thereon, a lien for $42,000.-00, the unpaid purchase price of the rig. Defendants, pointing out that the rig had not been furnished to them, but had been sold to a contractor who, under contract for a turn key job, had drilled a well on their premises with it, and that the rig had not become attached to or a part of the premises, insisted that plaintiff's claim of lien against them was unfounded. Tried to the court without a jury on undisputed facts,[2] there was a finding that the invoked lien statute did not give a lien to the vendor for the unpaid price of a drilling rig sold by him to a contractor, and there was a judgment for defendants.

Plaintiff has appealed, insisting that here is no case for construction or interpretation, but simply one for the application of the plain language of a statute to simple and undisputed facts. Pointing out that the statute in terms declares "Any person * * * who shall * * * or furnish any

[1] "* * * Any person, firm, corporation or association of persons who shall do any trucking, by common carrier vehicle or otherwise, towing, barging, or make any repairs whatsoever, or furnish any fuel, drilling rigs, standard rigs, material or supplies * * * in search of oil, gas or water, or for or in connection with the operation of any oil, gas or water well or wells, shall have a lien and privilege on such oil, gas or water well or wells and the lease whereon the same shall be located, and on all drilling, rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks and all other structures thereto attached for drilling, equipment and operation of such well or lease, for the amount due for such trucking, towing, barging, repairs, fuel, drilling rigs, standard rigs, material or supplies, in principal and interest, and for the cost of recording such lien and privilege, and which said lien and privilege shall be second in rank to the lien granted in favor of laborers." Sec. 5101.1 Louisiana General Statutes, 1941 Supp., Dart Vol. 3.

[2] These established that plaintiff sold the rig to one Lilly, a drilling contractor, for $5000.00 cash and a note for $42,000.-00, secured by vendor's lien against the rig; that the contractor had caused it to be moved upon the lease and had drilled a well with it; that the rig and equipment consisting of boilers, pumps, various machines and tools, along with line pipe fittings and various connections, was still on the lease, that no part of it is being used in connection with the operation of the well except a small part of the connections; that while a drilling derrick may be left there to use as a producing derrick, it would be very unreasonable and expensive to do that here for this was a very deep well and a very heavy derrick.

fuel, drilling rigs, standard rigs, material or supplies whatsoever for or in connection with the drilling of any well or wells in search of oil * * * shall have a lien and privilege * * * for the amount due for such * * * drilling rigs * * * ", he insists that within the statute he did furnish a drilling rig and he is entitled to the lien the statute affords.

Appellees deny that the plaintiff, within the meaning of the statute, furnished a rig for the drilling. They insist that he sold the rig to the contractor "as a part of his plant or operations",[3] and that he was not, within the statute a furnisher of a rig to the lease. They point to the settled law in Louisiana[4] and the general law elsewhere,[5] that mechanic's lien statutes of this kind are laws in derogation of common right and must be strictly construed. They insist that it would be not only an over liberal but a most unreasonable construction of the statute to hold that a drilling rig sold to a contractor as part of his drilling plant or equipment, no part of which was worked into, became attached or affixed to the premises, or was consumed in the drilling, was within the meaning of the statute, furnished "for or in connection with the drilling", so as to give the seller the right to require the owner of the lease to pay off a vendor's lien for $42,000.00 on the rig merely because the contractor had used it in the drilling. They point out that the underlying purpose of such mechanic's lien statutes is to prevent unjust enrichment by requiring lessees to pay for services or property which have been consumed in connection with improvements on, or have been worked into and become a part of, the property on which the lien is sought to be charged.

While there are apparent exceptions, the exceptions are only apparent, and the general and prevailing rule of construction of such statutes, not only in Louisiana,[6] but elsewhere,[7] is that they are for the benefit of persons who furnish material which is consumed in connection with, or becomes worked into, or incorporated, into the property of another.[8] Such a rule of construction is peculiarly applicable to the Louisiana lien statutes for the Louisiana statutes giving mechanic's liens to those who perform labor and furnish material for the drilling and operation of oil and gas wells, unlike those of other states,[9] do not provide that the labor or materials must be furnished under express or implied contract with the lessee or owner of the land, his agent or with the contractor or sub-contractor. Instead, they give the lien to any person who furnishes material which goes into or becomes a part of the lease without regard to the existence of a contract, express or implied, with the owner of the property on which the lien is charged,[10] and, the lien depending not on the existence of an agreement with the owner, but on the fact of the benefits furnished to or exhaus-

---

[3] 36 Am.Jur. Sec. 70; Ann.Cas.1917A, 328.

[4] Red River Construction Co. v. Pierce Petroleum Corp., 165 La. 565, 115 So. 752; Cole v. Schexnadire, 163 La. 132, 111 So. 651; Rester v. Moody & Stewart, 172 La. 510, 134 So. 690.

[5] Summers Oil & Gas, vol. 4, Perm.Ed., § 701, p. 112; 36 Am.Jur. Section 13.

[6] "The items embraced in the claim are not for material that became incorporated as a part of the highways; hence the claim must be rejected under our ruling in Red River Construction Co. v. Pierce Petroleum Corp., supra [165 La. 565, 115 So. 752]; State v. Smith, supra [167 La. 301, 119 So. 56]; Colonial Creosoting Co. v. Perry, 169 La. 90, 124 So. 182", Long Bell Lbr. Co. v. S. D. Carr Construction Co., 172 La. 182, 133 So. 438, 439. Cf. Madison Lbr. Co. v. Crane Service Co., 14 La.App. 363, 129 So. 189.

[7] Oklahoma seems to stand solitary and alone in rejecting this view. William M. Graham Oil & Gas Co. v. Oil Well Supply Co., 128 Okl. 201, 264 P. 591, over-ruling Arkansas Fuel Oil Co. v. McDowell, 119 Okl. 77, 249 P. 717. It must be noted, however, that in the Graham case, the liened materials were materials, machinery and supplies normally used or consumed in the drilling of a well, were furnished to the owner on a definite contract for payment, and that that case is not authority for the, claim made here that a rig sold to a contractor as a part of his plant is lienable against the owner.

[8] 36 Am.Jur., §§ 69, 71, 72, 77 and 78; Summers Oil & Gas, vol. 4, Perm. Ed., § 705, pp. 121, 122; Jerecki Mfg. Co. v. Struther, 14 Ohio Cir.Ct.R. 400; Given v. Campbell, 127 Kan. 378, 273 P. 442; Bridgeport Machine Co. v. McKnab, 136 Kan. 781, 18 P.2d 186.

[9] Summers Oil & Gas, Vol. 4, Perm. Ed., § 702, p. 117.

[10] Boudreaux v. Moon Oil Co., La.App., 158 So. 672; Blankenship v. Stovall, La. App., 159 So. 477. Cf. Stephens & Co. v. Kellogg Lumber Co., 18 La.App. 507, 137 So. 769.

tion in connection with serving the property, the statute must necessarily be construed as limiting the lien to persons whose labor or material has been consumed in connection with work, on, or worked into the property on which the lien is charged.

In view of our conclusions that the plaintiff was not, within the statute, a furnisher of the rig to the property, and was, therefore, not entitled to a lien, and of the fact that he does not sue for a lien for the value of its use, it is not necessary for us to attempt to reconcile the apparent conflict in the Louisiana cases [11] as to whether one who furnished a rig for a rental would be entitled to a lien "for the amount due" as rental. The judgment was right. It is

Affirmed.

---

[11] In Landis v. Bridges, 178 La. 96, 150 So. 843, the Supreme Court, as to the earlier statute, and in Davis v. Wilhite, La.App., 174 So. 707, a court of appeal, as to the statute as amended, held that it did not grant a lien for the value of the use of a drilling rig; while in Sutton-Zwoile Oil Co. v. Barr Pet. Corp., La. App., 197 So. 432, it was held that a lessor of a drilling rig would have a lien for the rental due.