LOTTINGER, Judge.
This is a suit filed by Elizabeth Foy Brown, as plaintiff against Edwin Edwards, and others, for damages resulting from the death of her son. The lower court, by summary judgment, dismissed the suit as it was asserted against Fireman’s Fund, one of the defendants. The petitioner has appealed.
Consolidated with the instant suit was another suit entitled “Laurence Smith and Erma Smith vs. Edwin Edwards, and others", which bears No. 10,326 on the docket of this Court. These two consolidated cases will be treated together in this opinion, however, a separate judgment will be rendered.
The sons of the petitioners in the two suits were both killed during the civil riot which took place on the campus of Southern University at Baton Rouge, on November 16, 1972. The petitioners filed their suits seeking damages for the death of their respective sons. Named as defendants are Edwin Edwards, individually and as Governor of the State of Louisiana, and other public and police officials of the State. Named among the defendants was Fireman’s Fund Insurance Company which was the surety on a bond in the sum of $20,000.00 which named J. A1 Amiss, as Sheriff of East Baton Rouge Parish as the principal. Fireman’s Fund filed a motion for summary judgment contending that the particular bond was a surety bond for Sheriff Amiss as the ex-officio tax collector of East Baton Rouge Parish citing as authority for its contention the provisions of Article VII, Section 65 of the Louisiana Constitution and R.S. 33:1443 and 33:1444.
Article VII, Section 65 of the Louisiana Constitution provides in pertinent part as follows:
“There shall be a sheriff elected by the qualified electors of each parish in the State except in the Parish of Orleans, who shall be elected at the general State election and hold office for four years. The sheriff, except in the Parish of Orleans, shall be the ex-officio collector of State, parish and all other taxes, except municipal taxes, which, however, under legislative authority, he may also collect.
“He shall, within sixty days from the date of his commission, give separate bonds as required by law, for the faithful performance of his duties in each capacity, and in default thereof the office shall be declared vacant. He shall not be discharged as tax collector until he makes satisfactory proof that he has exhausted the legal remedy to collect taxes.” (Emphasis added.)
At the time the suits were filed, there were three bonds contained on the public records of East Baton Rouge Parish naming Sheriff Amiss as principal. As indicated by the certified copies of the three bonds, only *396 the $20,000.00 surety bond of Fireman’s Fund Insurance Company was furnished by the Sheriff in June, 1972. The Sheriff’s bond for $6,000.00 was not found on the public records at that time. In July, 1972 a $300,000.00 bond by Aetna Insurance Company was filed and in September, 1972 the Aetna’s $6,000.00 performance bond was filed.
These bonds were apparently filed by the Sheriff to comply with the mandatory requirements of Louisiana R.S. 33 :1443 and 33:1444. R.S. 33:1443 provides as follows:
“Except in Orleans Parish, the sheriff shall give bond in the sum of six thousand dollars, with the following conditions : ‘Condition of the above obligation is such, that whereas, the above bound A.B. has been elected, or appointed sheriff of the parish of-; now, if the said A.B. shall well and faithfully execute and make true returns, according to law, of all such writs, orders and process as shall come into his hands as sheriff aforesaid to the person entitled by law to the same, and shall faithfully do and perform all such other duties as may be required of him by law, then the above obligation to be null and void, otherwise to remain in full force and virtue.”
This particular statute requires that the Sheriff post a bond for the faithful performance of his duties in his capacity as Sheriff. The mandatory amount provided by that statute is $6,000.00. R.S. 33:1444, on the other hand, provides as follows:
“As ex officio tax collector of state and parish taxes, the sheriff except in Orleans Parish shall, before commencing the discharge of his duties, give bond, for his term of office, in a sum which shall be one thousand dollars over the full amount of the State and parish taxes levied, according to the last filed assessment roll of the parish, but shall not exceed twenty thousand dollars. The bond shall be conditioned as provided in R.S. 47:2052.”
This statute requires the Sheriff to give bond for the faithful performance of his duties as ex-officio tax collector. By Act 298 of 1972, R.S. 33:1444 was changed to require the Sheriff of East Baton Rouge Parish to furnish a $300,000.00 bond for the faithful performance of his duties as ex-officio tax collector.
We feel, as is contended by the Fireman’s Fund that the quoted statutes clearly disclose that the Louisiana Legislature distinguished the two constitutionally required bonds by using separate statutes and providing for separate and distinct monetary amounts for each bond. Therefore, the Sheriff is now constitutionally required to furnish two separate and distinct bonds, namely a $6,000.00 bond for his capacity as Sheriff and a $20,000.00 (now $300,000.00) bond for his capacity as ex-officio tax collector. As the bonds were issued to comply with the requirements of the Louisiana Constitution and the statutes, they are statutory bonds. Patent Scaffolding Company v. Ross Corporation, La.App., 172 So.2d 364. Therefore, these bonds must be interpreted in accordance with the statutory and jprisprudential rules established for the interpretation of statutory bonds.
Although the language of the $20,000.00 Fireman’s Fund bond appearing under the “condition of this obligation” states that the bond is written for “J. A1 Amiss as sheriff of East Baton Rouge .”, any other determination but that this $20,000.00 bond was furnished for the Sheriff in his capacity as ex-officio tax collector would be in direct conflict with the provisions of Article VII, Section 65 of the Louisiana Constitution of 1921, as well as the statutory requirements enacted pursuant to this constitutional provision. The Constitution requires separate bonds to each capacity of the Sheriff and, therefore, the language of the bond does *397 not control the effect of the bond where the amount posted on the bond is in accordance with the statutory requirements. Petitioner contends that the language contained on the face of the bond in question raises a fact issue which should have precluded summary judgment in this matter. We feel that this position is not supportable because the well established jurisprudence concerning interpretation of statutory bonds, is clearly stated by the Louisiana Supreme Court in the case of Long Bell Lumber Company v. S. D. Carr Construction Company, 172 La. 182, 133 So. 438, is as follows:
“Although the bond in question here may admit of a broader construction, the liability of the parties thereto must be confined to the measure of liability contemplated by the statute under the provisions of which the bond was executed.”
In Miller v. Bonner, 163 La. 332, 111 So. 776, the Supreme Court said:
“. . . where a bond is given under the authority of a law, whatever is included in the bond and which is not required by the law must be read out of it, and whatever is not expressed and ought to have been incorporated must be read as if inserted into it.”
Both Louisiana and Federal Courts have taken the position that the statutory bond should be posted for the amounts required by law and not in excess of that amount. Continental Casualty Company v. Associated Pipe and Supply Company, (D. C.) 310 F.Supp. 1207; Cole v. Schexnadire, 163 La. 132, 111 So. 651, 653.
In Cole v. Schexnadire, the Louisiana Supreme Court stated as follows:
“Since the law demands no more, as to amount, under a contract such as the present one, than 50 percent of the contract . . . that amount would seem to be the extent of the liability of the surety . . .”
Therefore, there was no reason for the Sheriff to furnish the $20,000.00 bond for his capacity as Sheriff when only a $6,000.00 bond was required by law, and the beneficiary, the public, could be protected only to the extent of $6,000.00. We feel, therefore, that the bond in question was applicable only to the actions of the Sheriff in his capacity as ex-officio tax collector, and, therefore, there is no genuine issue of material fact concerning this bond. Each of the bonds are treated as separate and distinct. In Baker v. Towle's Administratrix, 11 La. 432, 439, the Court said:
“His sureties as sheriff are not responsible for his acts as collector. He gives a distinct bond.”
In the case of Police Jury v. Bullit, 8 Mart. (N.S.) 323, the sureties on a Sheriff’s official bond were held not responsible for his actions as tax collector, and the plaintiff’s suit therein was dismissed as to the Sheriff’s surety. Clearly the reverse would also be true in that the surety of the Sheriff as tax collector would not be responsible for his actions as Sheriff. He gives a distinct bond in a different amount.
It is contended in the brief of plaintiffs that statutory provisions establishing the separate bond for the separate capacities of the Sheriff are violative of the equal protection clause of the fourteenth amendment of the United States Constitution. These statutes do provide equal protection to each and every citizen and are therefore not unconstitutional. Each citizen is protected to the equal extent of $6,000.00 under the Sheriff’s bond covering his duties as Sheriff, and each citizen is equally protected to the extent of $300,000.00 for the actions of the Sheriff in his capacity as ex-officio tax collector. Obviously the State of Louisiana has a legitimate state interest in protecting its citizens’ taxes and the actions of the Sheriff in dealing with same.
*398 For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of this appeal are to be paid by petitioner.

Affirmed.