No. ——

First Circuit

## PIPES v. IRVINE AND UNION INDEMNITY CO.

(December 6, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Roads, Bridges and Ferries—Par. 12, 13; Bonds—Par. 8.**

The contractor's bond provided for by Act No. 224 of 1918 for building public road is purely statutory and, therefore, restricted to the provisions of the act.

2. **Louisiana Digest—Roads, Bridges and Ferries—Par. 12, 13; Bonds—Par. 8.**

The bondsman is not liable on a bond written in compliance with Act No. 224 of 1918 for supplies such as tires, tubes, parts, oil, gas and batteries used in repairing trucks while contractor was engaged in building a public road.

(Sec. 3 of Act 224 of 1918 has been amended by Act 271 of 1926.—Editor's note.)

Appeal from the Parish of East Baton Rouge. Hon. G. Favrot, Judge.

Action by David M. Pipes against John F. Irvine and Union Indemnity Co.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for plaintiff, appellee.

Chas. A. Holcombe, of Baton Rouge, attorney for defendant, appellant.

MOUTON, J.   John F. Irvine entered into a contract with the Louisiana Highway Commission to build a public road, and furnished a statutory bond with the Union Indemnity Company as surety. Suit was brought on an open account for $182.07 against Irvine and the Union Indemnity Company. Judgment was rendered against Irvine by default for the amount claimed; also, against the Indemnity Company for $21.85, from which it prosecutes this appeal.   Irvine has not appealed.

The items which were furnished Irvine, principal on the bond, consisted in tires, tubes, parts, oil, gas and batteries that were used in repairing Irvine's trucks, used in the construction of the road, but which were not, as it is obvious, incorporated in the work.

The issue presented must be solved under Act 224, 1918, except for $11.25, item for 3 sacks of oats, which falls under the provisions of Act No. 203, 1924, as will be hereafter explained.

The surety is, under the provisions of Act 224, 1918, responsible on his bond for "labor performed, or material furnished in the construction, erection, alteration or repair of such building, road, etc." This court, in Court of Appeal Rep., Vol. 1, p. 731, held that a bondsman was not liable on a bond written in compliance with said act, for items of account such as tomatoes, soap, onions, potatoes, flour, etc., which had been furnished a con-

tractor engaged in the building of a public road.   The claim, in that case, was for supplies furnished for teams and laborers. We held that the claimant could recover for "material furnished in the construction" of the road or "used in said work" under Sections One, Two and Five of said Act. We held that superadded stipulations had no place in the bond; that if the word "supplies" was therein used, it had to be read out of the bond so as to make it conform to the requirements of Act 224, 1918, which limited the liability of the bondsman to materials furnished in the construction, alteration or repair of the road.   We held if the Legislature had intended that claims for "supplies" for teams as being recoverable under the Act, we could not see why in Act 203, 1924, the right of recovery had been conferred on those advancing feed for mules or livestock used by a contractor in constructing or repairing a public road.

The items claimed herein, above referred to, were evidently used to repair the trucks Irvine, the contractor, was using in connection with his work to construct the road.   It is evident from the character of the items that they were not and could not have been used in the building of that highway.   In buying these supplies for his trucks, Irvine naturally incurred a personal debt therefor, but we cannot see how his bondsman can be held responsible for such items, under the provisions of Act 224, 1918.   It will be seen by the provisions of Act 271 of 1926, that the Legislature amended Section 3 of Act 224 of 1918, by specially providing that a claimant can recover on account of having furnished materials or supplies "for use in any machine used in the construction, erection, alteration, or repair of any public road, building, etc."   It will be

noted in that amendment of the former statute that the word "supplies" is added to the word "material" which was exclusively used in the prior act; and which was also further broadened by providing for recovery of such material or supplies furnished "for use in any machine used in the construction, erection, repair, etc., of any public road, building, etc."

The Act of 1926 would never have been enacted if the former statute of 1918 had ever been intended to confer the right of recovery for materials or supplies furnished to be "used in any machine used in the construction, repair, etc., of any building or public road" specifically covered by the subsequent statute; which, however, finds no application here as the supplies were furnished prior to the enactment of the Act of 1926. We refer to that Act merely to show the legislative purpose which led to the enactment of the later statute and which makes it quite obvious that plaintiff has no right to recover on the bond of the Indemnity Company for materials which were used to repair the trucks of Irvine for his individual benefit, and which were not used in the construction of the road in question.

Counsel for plaintiff place great reliance on the case of Miller vs. Bruner, 163 La. 331, 111 So. 776. That suit which included claims for materials or supplies was predicated on a bond which had been furnished by Bonner to the State of Louisiana under Act 49, 1910; and, on a bond which had been given by the plaintiff, a subcontractor, to Bonner. In the bond given by Bonner, the contractor, the highway department, had exacted a superadded condition that Bonner should pay for all materials and supplies, for wages of laborers, etc. This condition so incorporated in the bond, was, by the court, read out of the bond as mere surplusage. In the bond given by plaintiff, subcontractor, in favor of Bonner, he assumed the payment of the claim for materials, supplies, wages of laborers, etc., which the court eliminated from Bonner's bond as not conforming to statutory requirements. In commenting on this feature of the case the court remarked that there was no provision in Act 49 of 1910 requiring a sub-contractor to give bond to a contractor. In connection with this observation, it was distinctly stated by the court that the bond of plaintiff, subcontractor, was not statutory, but was conventional, and necessarily constituted the law between the parties. It was on this basis, if we correctly understand the decision, that the amounts claimed as "supplies" for the repair of wagons, carts, road machines, treating of sick mules, etc., were held recoverable under the subcontractor's bond. The bond in the instant case is purely statutory, and in no aspect can it be considered as conventional. Plaintiff is therefore confined and restricted in his right to the provisions of Act 224, 1918, which entitles a claimant to recover only for materials furnished in the construction, erection or repairing of the road or used in the work, but not for materials or supplies furnished for use in trucks used in connection with the building of a public road. The enforcement of such a claim could be obtained under the provisions of the Act of 1926, but not according to the provisions of Act 224, 1918, which we cannot enlarge to satisfy the relief sought herein.

Counsel for plaintiff refer us to the case of Thibodeaux & Harrison vs. Globe Indemnity Company of New York, Court

of Appeal Rep., Vol. 6, No. 18, p. 380, in which we held that the bonding·company could make no defense not available to the contractor. In that ·case, it clearly appeared. that the materials had been furnished to the contractor for the buildings for the construction of which they had been bought. They were of such a nature that they could not have been used except in the construction of those buildings. We held that the contractor, Watts, to whom they had been furnished could not possibly say he had not used the materials for that purpose, and we decreed that the bonding company could not interpose such a defense. The facts are so different here, where they show that from the very character of the materials furnished it would have been impossible for Irvine to have used them in the construction of the road in question.

The decision rendered by us in the case above cited has no application.

The court below rendered judgment against defendant for three items as follows: For 3 sacks of oats, $11.25; one plow, $10.00; 10 lbs. of nails, 60c. In this court defendant and appellee is asking to have the judgment amended as to the item of $10.00 for the plow, which it is evident did not go in the construction or repair of the work. This item must therefore be rejected. Appellee admits that the sum claimed for the oats for feed for the stock is recoverable under Act 203, 1924, to which we make reference in the beginning of this opinion. Defendant admits also the correctness of the trifle claimed for the nails.

It is therefore ordered and decreed that the amount of the judgment be reduced from the sum of $21.85 to the sum of $11.85, and, as thus amended, it be· affirmed, plaintiff to ·pay cost of appeal, those of the lower court by defendant company.