No. 678

First Circuit

———

RESTER v. MOODY & STEWART
ET AL.

———

(October 8, 1930.   Opinion and Decree.)
(December 1, 1930.   Rehearing Refused.)
(January 5, 1931.   Writ of Certiorari and
Review Granted by Supreme Court.)
(April 27, 1931.   Judgment of District
Court and Court of Appeal Reversed
by Supreme Court.)

———

Ott & Rich, of Bogalusa, attorneys for plaintiff, appellee.

Miller & Richardson, of Bogalusa, attorneys for Union Indemnity Company, defendant, appellant.

ELLIOTT, J.  Henry E. Rester sold and delivered to Moody & Stewart motortruck material, such as parts, tires, grease, etc.,

in amount $154.16, and same was by them used in the repair and operation of motor-trucks. The 'trucks" were in turn used by them in the construction of that portion of the Sun-Bogalusa State Line Highway, which runs through the Fourth ward of Washington parish, and for which the said Moody & Stewart were contractors under the Louisiana Highway Commission. Their said contract obliged them to give a statutory bond, pursuant to the laws of this state on the subject. Union Indemnity Company of New Orleans went on their said bond, the bond stipulating a liability in solido on the part of the principal and surety.

Moody & Stewart failing to pay the account, the plaintiff brought suit against them as principal, and Union Indemnity Company as surety, on the bond, and prayed for judgment against them in solido for the amount due him on said account.

The plaintiff alleges that Moody & Stewart is an ordinary partnership composed of Julius Moody and J. O. Stewart, domiciled in Pearl River county, Miss., but temporarily doing business in the Fourth ward of Washington parish.

The citation addressed to Moody & Stewart was served to J. O. Stewart, a member of the firm, in person in the city of Bogalusa. Neither Moody & Stewart nor the members of the firm making any appearance, judgment by default was entered up against Moody & Stewart and J. O. Stewart.

Union Indemnity Company appeared and excepted to plaintiff's demand for judgment against it, on the ground that it was a resident of the city of New Orleans, and therefore could not be sued in the city court of Bogalusa. That said city court was, as to it, without jurisdiction ratione personæ. This exception was overruled.

An exception of no cause or right of action was then filed and overruled. Union Indemnity Company then filed an answer. The defensive parts of the answer deny that Moody & Stewart are indebted to the plaintiff, but, if so, that it is not liable with them therefor in solido, but for them only as surety. It denies that the articles furnished by plaintiff to Moody & Stewart are materials and supplies such as a surety is liable for under the law Act No. 224 of 1918 (amended by Act No. 271 of 1926). But it prays that in the event judgment is rendered against Moody & Stewart or any member of the firm, and it is further held responsible therefor, that in that event it have judgment in turn against them for whatever sum it may be required to pay on their account.

The case, was submitted to the court on an agreed statement of facts. There was final judgment, confirming the default against Moody & Stewart and J. O. Stewart, and against Union Indemnity Company upon issue joined in solido for the amount claimed by plaintiff.

Union Indemnity Company appealed and urges that its exception to the jurisdiction of the court should have been sustained.

It is admitted that the Union Indemnity Company is a resident of the city of New Orleans, La., and that Moody & Stewart, as well as Julius Moody and J. O. Stewart, members of said firm, are residents of Poplarville, Pearl River county, Miss., but that said firm was temporarily in the Fourth ward of Washington parish, as contractors engaged in said construction work. This court takes cognizance of the fact that the city of Bogalusa is situated in the Fourth ward of Washington parish.

As Moody & Stewart were personally in the Fourth ward of Washington parish and engaged in business therein at the

time, and within the jurisdiction of the city court of Bogalusa, the city court acquired jurisdiction ratione personæ as to them by the citation addressed to Moody & Stewart and served on J. O. Stewart, a member of said firm, in person, as shown by the return. Facts not appearing in the record necessary to the jurisdiction of the court as to Moody & Stewart will be presumed to have been proved to the satisfaction of the judge a quo.

Non-residents may be personally cited at the place where they are found engaged in doing business in the state. Code Prac. art. 165, subd. 5; Act No. 179 of 1918, sec. 1, paragraphs 4, 12 and 13 et seq. As the jurisdiction ratione personæ of the city court of Bogalusa is established as to Moody & Stewart, it follows that the city court of Bogalusa had jurisdiction ratione personæ as to the Union Indemnity Company, the surety on their bond. Act No. 41 of 1894, sec. 8, subjects sureties on the bonds of contractors to the same obligations in the matter of jurisdiction to which judicial sureties are subject under Civil Code, art. 3042 (amended by Act No. 225, p. 342, of 1908). Bowers v. Orleans Producing & Refining Co., 1 La. App. 784; Nelson et al. v. Continental Asphalt & Petroleum Co., 11 La. App. 450, 123 So. 474. See, also, Act No. 224 of 1918, sec. 4. The exception to the jurisdiction of the court was properly overruled.

Union Indemnity Company contends on the merits that the account sued on is not for materials and supplies, such as the surety is liable for under the law, Act No. 224 of 1918 (amended by Act No. 271 of 1926). The account sued on shows that it is for parts and tires and perhaps a few other articles furnished by the plaintiff to Moody & Stewart who, it is admitted, were engaged at the time in the construction of said highway in the Fourth

ward of Washington parish, and used the articles shown on the account for the repair of trucks used by them in the construction of said highway under their said contract and to insure which the said bond was given.

The defendant contends that the language of the law on the subject shows that it is only such things as are used *in a machine*, id est, that are consumed in the use for which the law authorizes recovery against the surety.

The language of the law, section 1 is as follows:

"For the payment by the contractor * * * for all material or supplies furnished for use in machines used in the construction * * * or repair of * * * road, work."

And section 2 of the law reads as follows:

"That any person * * * to whom any money shall be due on account of having * * * furnished any material in the construction, erection * * * repair of any such * * * road * * *, or any person * * *, to whom any money shall be due on account of having furnished material or supplies for use in any machine used in the construction * * * or repair of any such * * * road," etc.

Union Indemnity Company contends that the law has a meaning which we do not believe was intended by the Legislature. The statute, in saying "having furnished material or supplies for use *in any machine used in the* construction of any * * * road," obviously means materials and supplies for use on any machine used in the construction or repair of any road. The Act No. 271 of 1926 was no doubt prompted by the decisions of the Supreme Court construing the liability of the surety, in Act No. 224 of 1918, in Red River Construction Co. v. Pierce Petroleum Cor-

poration, 165 La. 565, 115 So. 752, and State v. Smith, 167 La. 302, 119 So. 56, and some decisions· of the Court of Appeal, and the Legislature decided to broaden the meaning of the act. The word "in," as used. in the act, evidently has· the same meaning as the word "on"; otherwise the amending act would not accomplish what was evidently intended. Civ. Code, art. 18.

The judgment appealed from is correct, except that the plaintiff, under the law, is entitled to 10 per cent on the amount due as attorney's fees. Attorney's fees were not allowed and the plaintiff has answered the appeal, praying that same be allowed.

For these reasons the judgment appealed from is now amended and corrected so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of Henry E. Rester and against the defendants Moody & Stewart and J. O. Stewart as an ordinary partner ' and member of said firm, and Union Indemnity Company jointly, severally, and in solido, for $154.16, with legal interest thereon from February 14, 1930, until paid, and for 10 per cent in addition on the said amount due as attorney's fees, and for all cost in both courts.

And it is further ordered, adjudged, and decreed that there be judgment in turn in favor of Union Indemnity Company and against Moody & Stewart and J. O. Stewart as an ordinary partner and member of said firm, for the full sum and amount that Union Indemnity Company is required to pay to the said Rester under this judgment, and all cost of court incurred on account thereof.

And as thus amended and corrected the judgment appealed from is affirmed.