No. 766

First Circuit

GENERAL LUMBER & SUPPLY CO., INC.,
v. HUNTER ET AL.

(May 5, 1931.  Opinion and Decree.)
(June 16, 1931.  Rehearing Refused.)
(July 17, 1931.  Writs of Certiorari and Review Refused by Supreme Court.)

L. V. Cooley, Jr., of Slidell, attorney for plaintiff, appellee.

Deutsch & Kerrigan, of New Orleans, attorneys for defendants, appellants.

LeBLANC, J.  R. M. Hunter, one of the defendants herein, entered into a contract with the Louisiana Highway Commission for the construction of a certain project referred to in the written agreement between them, as "F. A. Project 201-F-4, Timber Projection Bulkhead, located at the north end of the Rigolets Bridge, on the Chef Menteur Highway, Length Route No. 2 540 feet, in the Parish of St. Tammany." The Continental Casualty Company became surety on his bond, under the provisions of Act No. 271 of 1926, which amends parts of Act No. 224 of 1918. This suit is brought by the General Lumber & Supply Company, Inc., for lumber, material, and supplies alleged to have been sold by it to Hunter and used by him in the erection of a pile driver used by him in the construction of the project under contract. The Continental Casualty Company is made party defendant under the conditions mentioned in the surety bond. Judgment against both defendants, in solido, is prayed for in the sum of $174.04, the total amount of the lumber, material, and supplies alleged to have been furnished.

The contractor, Hunter, allowed judgment to go against him by default in the lower court, and he makes no appearance in this appeal which is being prosecuted by the Continental Casualty Company from a judgment against it, in the sum of $136.43.

An exception of no cause of action presented by this appellant, in the district court, appears to have been correctly overruled as it seems to have raised an issue,

the only one in the case, which is properly a matter of defense.

The issue involves an interpretation of that part of Act No. 271 of 1926, which prescribes the liability of the surety for materials and supplies furnished for use in any machine "used in the construction, erection, alteration or repair of" the public work the contractor is engaged in.

As we understand the facts in this case, the contractor, in order to equip himself to do the work contemplated under his contract, had to have a specially designed and constructed pile driver. He drew plans for just the type he needed and engaged certain parties to build it for him. Most of the material and supplies sold and delivered by the plaintiff was used in the erection and construction of the pile driver itself, and what little was not so used went into the construction of a platform on which the pile driver was placed.

Prior to the act of 1926, Act No. 224 of 1918, which it amended, restricted the liability of the surety to such materials only as went into the structure of the public work itself. The amending act had for its effect the enlarging of the scope of the former provision of the law by extending the liability and making lienable those claims for materials and supplies furnished for use in any machine used in the construction, etc., of the public work or road. There is no contention made that the pile driver used in this case was not a "machine" within the meaning of the statute. Therefore the only question that is before the court for decision is whether or not the lumber, nails, etc., furnished by the plaintiff to this contractor and used by him in rigging up the pile driver for his work, is such material as comes within the provisions of the amending act.

The contention is made by defendant that in using the word material, in connection with the words "for use in any machine," the legislative intention was to include such material only as became consumed by use, as for instance, gasoline, lubricating oils, and grease, and that the lumber and nails furnished and used in the case before us is not material of that class or character.

In the case of Rester v. Moody & Stewart, recently decided by us, reported in 130 So. 254, the plaintiff had sold to the contractors automobile parts, tires, grease, etc., all of which had been used in the repair and operation of motortrucks used by them in the construction of a public road, and, upon suit being brought to recover against the surety, the same contention as is here made was advanced. We were of the opinion that the amendment to the law by the act of 1926 was passed to make lienable, claims for material and supplies of that very character.

Our conclusion was, in a large measure, influenced by our consideration of the following cases: Red River Construction Co. v. Pierce Petroleum Corporation, 165 La. 565, 115 So. 752; State v. Smith, 167 La. 302, 119 So. 56, 63; and Pipes v. Irvine et al., 7 La. App. 215. In the first of these cases, the claim was for oil and gasoline furnished for use in trucks which were used in hauling material on a roadway under construction; in the second, some of the claimants had furnished material to supply or repair equipment, and others, oil, but all for machines and equipment used in the work under the project; in the third, the items furnished were tires, tubes, parts, oil, gas, and batteries that were used in repairing the contractor's trucks that were being used on the job. It was observed that in two of the cases,

some of the material at least was other than gasoline, oil, or lubricants, which are used in and consumed by the machine they are furnished for. It happened that, in all three cases, the claims had arisen before the 1926 amendment to the act of 1918, and they were consequently denied. In the opinions in the first and last of these cases, the courts state that the correctness of their interpretation of the law as it existed in 1918 is emphasized by subsequent legislation, and reference is particularly made to the amendment of the law by Act No. 271 of 1926. In the second case, State v. Smith, the opinion states the following:

"The material and supplies, here under consideration, were furnished under Act 224 of 1918, under which the work performed by Smith was done, prior to the passage of Act 271 of 1926. The ruling made by the lower court is in accordance with the later ruling of this court in the case of Red River Construction Co. v. Pierce Petroleum Corporation, 165 La. 565, 115 So. 752, and should not be disturbed."

The case of Rester v. Moody & Stewart, 130 So. 254, went from this court to the Supreme Court on a writ of review, and that court has very recently rendered a decision in which the one we had rendered was reversed, and in which it was held that the amendment to the act of 1918 by Act No. 271 of 1926 was meant to include those materials and supplies only which are used in or inside (not on) machines, and which, like fuel and lubricants, are used but once and consumed in the prosecution of the work under the contract and does not survive its completion. We quote the following from the opinion:

"As fuel of some kind is necessary in the operation of all kind of machines, and whether the fuel be coal, oil or gasoline, it is literally used in or on the inside of the machine, and as certain oils are also necessary as lubricants, and as these are also used in or inside machines, it is clear that only such material and supplies were intended to be covered by the amendment. * * *

"The purpose of the amendment under consideration was to protect those who furnish material and supplies for machines which can be used but once and are consumed in the prosecution and furtherance of the particular work undertaken, and which do not survive the completion of the project."

Accepting that interpretation of the amendment, as of course we must, it follows that we have to deny the plaintiff in this case recovery against the surety for the lumber and other supplies furnished to the contractor and used by the latter in equipping the pile driver used in the prosecution of his work under the contract. In the first place, it was not material that was used in a machine, but on it; secondly, none of it was used for fuel, and certainly it was not a lubricant; and, thirdly, although it appears from the testimony that the pile driver as equipped can hardly serve on another job, yet the lumber and nails have survived the completion of the project.

For the foregoing reasons, it is therefore ordered, adjudged, and decreed that the judgment of the lower court, in so far as it condemned the Continental Casualty Company, surety on the contractor's bond, to pay the plaintiff the sum of $136.43, be, and the same is hereby, reversed, annulled, and set aside, and it is now ordered that there be judgment in favor of the defendant Continental Casualty Company, surety, and against the plaintiff herein, General Lumber & Supply Company, Inc., rejecting its demand against the said defendant surety company, at its cost in both the lower court and on this appeal.