LOTTINGER, Judge.
This is a suit by B. &. G. Crane Service, Inc., against Anderson Bros. Corp., Guy E. Stockstill, National Surety Corp., Employer’s Liability Assurance Corp., Ltd., T. L. James & Company, Inc., and State of Louisiana, Department of Highways, in which the petitioner seeks the sum of $11,357.38, which is allegedly due for the rental of certain heavy equipment with operators to defendant Stockstill 'during the construction of a highway in the Parish of Tangipahoa, Louisiana. The sum allegedly due and claimed by petitioner is reflected by a labor and material lien -filed of record by petitioner in the Parish of Tangipahoa. Petitioner further seeks that similar liens filed by Hoover Construction Co., Inc., B. N. and W. H. Richardson, d/b/a Richardson Hardware and Leon Edwards, d/b/a Edwards Motors be disallowed, as petitioner alleges that such claims are not lienable.
Various exceptions were filed by the various parties defendant to the action, all of which exceptions were rectified by supplemental pleadings, except certain exceptions of no cause or right of action which were referred to the merits. The State of Louisiana, Department of Highways, was dismissed as a party defendant upon stipulation by said defendant and petitioner to the effect that it was not a proper party to the proceeding.
The various defendants, and the capacity in which they appear, are as follows: T. L. James and Company, Inc. was general contractor for the Louisiana Department of Highways for construction work on the Pontchatoula-Manchac Highway. Anderson Bros. Corp. was sub-contractor under T. L. James & Company, Inc. Guy E. Stock-still was a sub-contractor under Anderson Bros. Corp. Employer’s Liability Assurance Corp., Ltd. was the bond company of Guy E. Stockstill. National Surety Corp. was the bonding company of Anderson Bros. Corp., as well as T. L. James & Company, Inc., in the construction work, and further furnished a bond for the removal of all liens recorded, in order to permit acceptance of the contract by the Louisiana Department of Highways. Hoover Construction Co., Inc. is a lien holder against defendant Stockstill in the sum of $950. B. N. and W. H. Richardson, d/b/a Richardson Hardware, is a lien holder against defendant Stockstill in the sum of $91.19, and Leon Edwards, d/b/a Edwards Motors, is likewise a lien holder against defendant Stockstill in the sum of $888.74.
The record discloses that T. L. James & Company, Inc. was awarded a contract by the Louisiana Department of Highways for certain construction work to be performed *683 on the Pontchatoula-Manchac Highway. A part of this work was sub-contracted by T. L. James & Company, Inc. to Anderson Bros. Corp. who, in turn, sub-contracted a portion of its work to Stockstill. The work to be performed by Stockstill was classified as clearing, grubbing and common excavation.
Certain equipment belonging to petitioner, B. & G. Crane Service, Inc., was rented to defendant Stockstill and used on his portion of the work done under the said contract. The charges for said equipment rented by the petitioner was in the total amount of approximately $22,000, of which there is still due and owing to the petitioner the sum of $11,357.38. There is no disagreement as to this indebtedness.
It is claimed by Anderson Bros, that Stockstill defaulted on a portion of his contract, and therefore claims a back charge of $6,915, which was incurred by Anderson Bros, in completing the work that was to be performed by Stockstill. There are three liens also filed against the work, as stated above, for which it was necessary that Anderson Bros, purchase a bond which was required by the Highway Department prior to its acceptance of the work, and upon which bond Anderson Bros, was required to pay a premium of $615.93. Without the posting of this bond, the Highway Department would not have accepted the work performed by T. L. James & Company and its various subcontractors, and the payment for said work would have been delayed.
Stockstill contends that his work under the sub-contract with Anderson Bros, was completed, and that therefore the entire sum of $10,475.78 is still due and owing. All sums which are yet due to Stockstill from Anderson Bros, have been assigned by Stockstill to B. & G. Crane Service, the petitioner herein. Stockstill further contends that if any portion of his work was not completed, that he was not placed in default thereof, and that, therefore, Anderson Bros, was without any authority to complete his portion of the contract.
The Lower Court dismissed the claim of Anderson Bros, for back charges and for premium on the bond, and rendered judgment upholding the liens of Hoover Construction Co., Inc., B. N. and W. H. Richardson and Leon Edwards. The Lower Court denied lien status to the claim of petitioner. After first deducting these three claims from the balance due Stock-still by Anderson Bros, in the sum of $10,475.78, there remained a balance of $8,545.56. Deducting that sum from the $11,357.38 which B. & G. Crane Service, Inc. claims of Stockstill, left Stockstill still indebted to B. & G. Crane Service in the sum of $2,811.82. The Lower Court awarded judgment accordingly.
An appeal was taken by Anderson Bros. Corp., which appeal was answered by T. L. James & Company, National Surety Corp. and Employer’s Liability Assurance Corp., Ltd. Anderson Bros, attacks the judgment below because the Lower Court did not recognize the default by Stockstill, and did not allow the back charge and bond premium claimed by Anderson Bros. T. L. James & Company and the two bonding companies answered the appeal praying that the judgment below be amended to deny lien status to the Hoover, Edwards and Richardson claims. The reason for their answer to the appeal was that if the Appellate Court should allow the back charges and the bond premium claimed by Anderson Bros., then there would not be sufficient funds remaining to Stockstill’s credit to pay the three liens, the back charge and the bond premium, and it would be necessary for T. L. James and its bonding companies to supply any deficiency.
The testimony convinces this Court that the work to be performed by Stock-still was not completed in accordance with the terms of its contract. Therefore, the question arises as to what, if any, notice was Anderson Bros, required to give to *684 Stockstill, before Anderson Bros, could validly complete the work contracted to Stockstill. The sub-contract between Anderson Bros, and Stockstill, in Article 12 thereof, provides as follows:
“If the sub-contractor shall fail to commence the work within a specified time, or to prosecute said work continuously with sufficient workmen and equipment to insure its completion within the time herein specified for completion, or to perform said work according to the provisions of the original contract, or if for any other cause or reason whatsoever subcontractor shall fail to carry on said work in an acceptable manner, the contractor may elect to give notice in writing of such defaults, specifying the same, and if the subcontractor within the period of seventy-two hours of such notice shall not proceed in accordance therewith, then the contractor shall have full power and authority, without process of law and without violating this agreement, to take the prosecution of the work out of the hands of the subcontractor and complete it with its own forces, or contract with other parties for its completion or use such other measures as in contractor’s opinion are necessary for its completion, including the use of the equipment, plant, and other property on the subcontractor on the work. Neither by the taking over of the work nor by its completion in accordance with the terms of this provision shall the Contractor forfeit its right to recover damages from the Subcontractor or from the Subcontractor’s surety for failure to complete or for delay in such completion. Should the expense incurred by the Contractor in taking over and completing the work be less than the sum that would have become payable under this agreement if said work had been completed by the Subcontractor, then the Subcontractor shall be entitled to the difference, and should such expense exceed the said sum, then the Subcontractor and Subcontractor’s surety shall be liable to the Contractor for the amount of such excess. Upon the taking over of the work by the Contractor as herein provided for, no further payment will be made to the Subcontractor until the work is completed, and any monies due or that may become due the Subcontractor under this agreement will be withheld and may be applied by the Contractor to payments for labor, material, supplies and equipment used in the prosecution of the work, and/or for the payment of rental charges on equipment used therein, or to the payment of any excess charges on equipment used therein, or to the payment of any excess cost to the Contractor of completing said work.”
Under the clear wording of said article, we do not feel that it was necessary that Anderson Bros, give any formal notice to Stockstill before entering into his portion of the contract and completing same. However, the record shows that two letters were written by Anderson Bros., or its representatives, requesting that the work be completed or, offering to complete the work yet to be done. Mr. Gildersleeve, who was employed by Anderson Bros, at the time of the work, but was not employed by it at the time of the trial, testified that he had personally discussed the matter with Mr. Stockstill, and that it became necessary for Anderson Bros, to complete the work. Under the evidence, it is therefore our opinion that Anderson Bros, was justified in the action it took, and that the back charges should have been allowed by the Lower Court. In addition thereto, we believe that the bond premium was an item of damages caused by the default of Stock-still, and therefore it should have been allowed below.
 As to the lienability of the various liens filed, we feel that the jurisprudence is to the effect that substantial portions thereof are not lienable items. It appears to be *685 well settled that materials which form a component part of the completed structure or are consumed in the work are considered covered by the contractor’s bond given under the provisions of Act No. 224 of 1918 (LSA-R.S. 38:2241) and that the surety on such bond is liable therefor. On the other hand, it is equally well settled that the in-strumentalities forming a part of the contractor’s plant or equipment used in doing the work which survive the performance and remain the property of their owner after the completion of the contract are not covered by the bond given under the aforementioned act, and the surety is not liable for such. Rester v. Moody & Stewart et al., 172 La. 510, 134 So. 690; Long Bell Lumber Co. v. S. D. Carr Construction Co., 172 La. 182, 133 So. 438; Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545; Colonial Creosoting Co. v. Perry, 169 La. 90, 124 So. 182; General Lumber & Supply Co. v. Hunter, 17 La.App. 71, 134 So. 759. The lien of Hoover, upon which a balance is due in the sum of $950.99, discloses that a substantial portion thereof was for repairs, sale, or rental of equipment which survived the work. There was no evidence to show that these various items were consumed during the proj ect. The only lienable items in the claim of Hoover was in the amount of $8.15, representing the purchase of gasoline.
In the Edwards lien, in the amount of $888.74, were included $568.05 representing gasoline and oil sold to Stockstill, of which $81.10 was for two tires and tubes. All the other items included in this lien were not proved to have been incorporated in the project. It was shown that a payment of $500 was made by Stockstill on Edwards’ account, which payment, it seems, had the effect of extinguishing the lienable portion of the Edwards claim. LSA-Civil Code, Articles 2163-2166. Therefore, the Lower Court should have held the entire balance due Edwards as not lienable.
As to the lien by Richardson, same represents sales to Stockstill of files, nails, pipe, cable, wedges, potato forks and rope. As there was no evidence to show that these items were used or consumed in the work, we therefore feel that this claim was not lienable.
For the reasons hereinabove assigned, the judgment of the Lower Court is hereby amended so as to allow the back charges and bond premium claimed by Anderson Bros, in the total amount of $7,530.93, which shall apply as a credit against the sum of $10,475.78 which is still due by Anderson Bros, to Stockstill and said judgment below is further amended so as to not recognize as lienable the liens filed by Richardson and Edwards, and to recognize the Hoover claim as lienable only to the extent of $8.15; all costs of court are to be paid by defendant Stockstill, and, as amended, the judgment of the Lower Court will be affirmed.
Judgment amended and affirmed.